Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
Natalie Nardecchia, SBN 246486
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1032
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov


Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>Bay Club Fairbanks Ranch, LLC d/b/a Fairbanks Ranch Country Club, Fairbanks Ranch Country Club, Inc. and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: **'18CV1853 W    BLM**<br><br>**COMPLAINT – TITLE VII**<br>• **Sexual Harassment**<br>• **Retaliation**<br>• **Constructive Discharge**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex and to provide appropriate relief to Charging Party Sidney Scott Charging Party and a class of individuals (collectively, "adversely affected employees") who were adversely affected by such practices.

As set forth in greater detail in the foregoing paragraphs of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants Bay Club Fairbanks, LLC ("Bay Club"), Fairbanks Ranch Country Club, Inc. ("Fairbanks"), and DOES 1-10 (collectively, "Defendants") subjected Charging Party Sidney Scott ("Charging Party") and other adversely affected employees to sexual harassment during their employment with Defendants. Specifically, Plaintiff alleges that Defendants both created a hostile work environment and that Defendants subjected Charging Party and other adversely affected employees to *quid pro quo* harassment, by conditioning favorable terms and conditions of employment, including pay, shifts, hours, and continued employment, upon engagement in, or acquiesce to, sexual interactions or relationships. Plaintiff further alleges that Defendants subjected Charging Party and other adversely affected employees to retaliation for engaging in protected activity regarding such unlawful practices, resulting in constructive discharge and/or less favorable terms and conditions of employment.

## **JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed at Defendants' Fairbanks Ranch Country Club facility, which is located in Rancho Santa Fe, within the jurisdiction of the United States District Court for the Southern District of California.

## **PARTIES**

3. Plaintiff is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (3), Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Prior to July 2016, Defendant Fairbanks Ranch Country Club, Inc. ("Fairbanks"), operated Fairbanks Country Club, a self-described "premier resort-style property," with golf,

tennis, restaurant and bar in the City of Rancho Santa Fe, California, within San Diego County.

5. In or around July 2016, Defendant Bay Club Fairbanks Ranch, LLC d/b/a Fairbanks Ranch Country Club ("Bay Club") acquired the Fairbanks Country Club from Defendant Fairbanks and became a successor to Defendant Fairbanks.

6. Even prior to the acquisition, Defendant Bay Club operated and managed the Fairbanks Ranch Country Club. Documents provided to Charging Party and other employees, including employment applications and handbook, included the name Bay Club or listed Bay Club as the employer. Defendant Bay Club's employee were also responsible for hiring the Fairbanks Ranch Country Club's General Manager.

7. After the acquisition, Defendant Bay Club continued operations at Fairbanks Ranch Country Club and retained the same employees, notifying employees in May 2016 that club operations would proceed uninterrupted despite the sale.

8. Defendant Bay Club had notice through its Regional Manager of the allegations of sexual harassment as the charge of discrimination filed with the EEOC by Sidney Scott was addressed to the Regional Manager.

9. Defendant Fairbanks Ranch Country Club, Inc. is a predecessor entity that has dissolved as of January 2017.

10. At all relevant times, Defendant Bay Club has continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

11. At relevant times until its dissolution in around January 2017, Defendant Fairbanks continuously had at least 15 employees and was continuously a corporation doing business in the State of California.

12. At all relevant times, Defendant Bay Club has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

13. At relevant times until its dissolution in around January 2017, Defendant Fairbanks was continuously an employer engage in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

14. All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

15. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

**STATEMENT OF CLAIMS**

16. More than thirty days prior to the institution of this lawsuit, Charging Party Sidney Scott filed a charge of discrimination with Plaintiff alleging violations of Title VII by Fairbanks Ranch Country Club.

17. After Charging Party Sidney Scott's filing of the charge of discrimination, the Commission investigated her allegations against Defendants.

18. On March 9, 2018, the Commission issued to all Defendants a Letter of Determination finding reasonable cause to believe that Defendants had violated Title VII and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

19. The Commission engaged in communications with all Defendants and provided Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

20. The Commission was unable to secure from all Defendants a conciliation agreement acceptable to the Commission.

21. On June 29, 2018, the Commission issued to all Defendants a Notice of Failure of Conciliation.

22. All conditions precedent to the institution of this lawsuit have been fulfilled.

23. Since at least 2016, Defendants have engaged in unlawful employment practices in violation of §§ 703(a) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a) and 2000e-3(a) by subjecting Charging Party and a class of adversely affected employees to sexual harassment and to retaliation.

24. At all relevant times, Defendants have owned and operated Fairbanks Ranch Country Club, a self-described "premier resort-style property," with golf, tennis, and a restaurant and bar area referred to as The Grille and Lounge.

25. From at least 2016 to the present, Defendants have had over 100 employees at the Fairbanks Ranch Country Club facility alone.

26. Starting no later than 2016, Charging Party and other adversely affected female employees were subjected to unwelcome sexual harassment, including but not limited to the following:

    a. Charging Party was subjected to unwelcome conduct of a sexual nature from Manager Shant Karian. This conduct includes but was not limited to Karian's touching, kicking, and firmly grabbing her buttocks. It also included Karian attempting to grope Charging Party, touch her breasts, and kiss her. Karian also grabbed Charging Party from behind. Karian also sent Charging Party text messages requesting pictures of her "ass." After Charging Party did not provide Karian with the requested pictures of her "ass," Karian began treating Charging Party negatively, including but not limited to scrutinizing her performance more and threatening to terminate her for a normally insignificant issue.

    b. During her employment with Defendants, Megan Fogelstrom was

          harassed by Karian and bartender Roman Savedra. On multiple occasions Karian repeatedly made sexual advances, hitting her buttocks, putting his arm around her waist and choking her, and repeatedly pursuing her sexually. Karian made inappropriate comments of a sexual nature to Fogelstrom and other female employees in her presence, asked Fogelstrom what kind of underwear she wore and told her to flash her breasts to customers. Karian also told male customers in front of Fogelstrom that Fogelstrom could give them "lap dances." In addition, Savedra grabbed and kissed Fogelstrom, and attempted to kiss her on other occasions.

    c. During her employment with Defendants, Mary Charlebois was told by Manager Shant Karian that she needed to wear a tighter blouse to work. Karian made unwelcome comments of a sexual nature to Charlebois and other female employees. Charlebois felt pressured to flirt back with Karian, who did the scheduling at work. Charlebois's hours were cut, and she received a lower rate of pay, because she did not engage in a sexual relationship with Karian.

    d. Manager Shant Karian gave favorable hours or shifts and higher hourly pay rates to female employees who acquiesced to his requests for sexual relationships and/or flirting. Those female employees who refused or ignored Karian's requests and demands were subjected to less favorable hours or shifts, received lower pay rates, and faced more strict scrutiny regarding their work performance including being threatened with termination for normally insignificant issues.

27. The harassment was sufficiently severe or pervasive to alter the conditions of Charging Party and other adversely affected employees' employment and created a hostile work environment. Charging Party and other adversely affected employees reasonably perceived their work environment to be sexually abusive or hostile work environment, resulting in Charging Party and/or some of the adversely affected employees having no choice but to resign.

28.     Charging Party and the other adversely affected employees did not welcome the sexual harassment by Manager Shant Karian, other supervisors, and/or co-workers. Charging Party and the other adversely affected employees objected to and rejected the sexually harassing conduct, including but not limited to objecting to Karian about his comments, declining the requests and other comments that made clear the harassing conduct was unwelcome. Charging Party further filed a Charge of Discrimination with the EEOC.

29.     Defendants knew or should have known of the sexual harassment of Charging Party and the other adversely affected employees because the sexual harassment was constant, conspicuous, and perpetrated by both coworkers and supervisors. The work environment was inundated with sexual harassment.  Furthermore, Charging Party and other adversely affected employees complained and indicated their discomfort to Manager Shant Karian, to the California Employment Development Department, and/or to the EEOC, which then notified Defendants about the complaints.

30.     Defendants failed to take prompt and effective remedial action reasonably calculated to end the harassment, including but were not limited to failing to either investigate or conducting an inadequate investigation and failing to adequately discipline harassing supervisors and/or coworkers. Defendants actively deterred employees from making sexual harassment complaints, including instructing employees during a staff meeting to keep quiet about the allegations of sexual harassment made by Charging Party and other adversely affected employees.

31.     Defendants also retaliated against employees who engaged in activity protected by Title VII including, but not limited to, rejecting and/or complaining about sexual harassment. As a result of engaging in such protected activity, Charging Party and adversely affected employees were subjected to adverse employment actions such as receiving lower rates of pay, threats of discharge, and reduced hours or shifts.

32.     For some employees, including Charging Party and Mary Fogelstrom, the sexual harassment resulted in their constructive discharge because of the intolerable working conditions created by the hostile work environment.

33. The effect of the practices complained of in paragraphs 23 to 32 above has been to deprive Charging Party and other adversely affected individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

34. The unlawful employment practices complained of in paragraphs 23 to 32 above were intentional and caused Charging Party and adversely affected employees to suffer emotional distress.

35. The unlawful employment practices complained of in paragraphs 23 to 32 above were and are done with malice or with reckless indifference to the federally protected rights of Charging Party and other adversely affected individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with each of them, from engaging in sexual harassment, retaliation, and any other employment practices which discriminate based on sex.

B. Order Defendants to institute and carry out policies, practices, and programs to ensure which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Charging Party Sidney Scott and other adversely affected employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to back pay, reinstatement, or front pay in lieu thereof.

D. Order Defendants to make Charging Party Sidney Scott and other adversely affected employee whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by him which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E.  Order Defendants to make Charging Party Sidney Scott and other adversely affected employees whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F.  Order Defendants to pay Charging Party Sidney Scott and other adversely affected employees punitive damages for its malicious and/or reckless conduct in an amount to be determined at trial.

G.  Award the Commission its costs of this action.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: August 8, 2018                           Respectfully Submitted

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507


By: _____
ANNA Y. PARK,
Regional Attorney,
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION