# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUINITY COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BAY CLUB FAIRBANKS RANCH, LLC d/b/a FAIRBANKS RANCH COUNTRY CLUB, INC.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-cv-1853 W (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DOC. 7]** |

Pending before the Court is Defendant Bay Club Fairbanks Ranch, LLC d/b/a Fairbanks Ranch Country Club's ("Bay Club") motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") opposes. The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **DENIES** the motion [Doc. 7].

1

# I. ANALYSIS

Plaintiff EEOC filed this lawsuit against Defendant Bay Club to "correct unlawful employment practices based on sex and to provide relief to Charging Party Sidney Scott… and a class of individuals… who were adversely affected by such practices." (*Comp.* [Doc. 1] 1:26–28.) Defendant Bay Club's motion argues that none of the causes of action are sufficiently stated, and that the Court lacks subject-matter jurisdiction over claims filed on behalf of anyone other than Charging Party Scott. The EEOC's opposition demonstrates Bay Club's motion lacks merit.

As an initial matter, the EEOC requests the Court consider the Letter of Determination sent to Bay Club in evaluating the motion. (*Req. for Judicial Notice* [Doc. 9-1] 2:12–14.) The letter was referenced in the Complaint as part of the EEOC's allegations regarding its satisfaction of all conditions precedent to the institution of this lawsuit. (*See Compl.* ¶ 22.) Bay Club has not filed an opposition to the EEOC's request. The Court finds consideration of the letter is appropriate under the incorporation-by-reference doctrine. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018) (incorporation-by-reference doctrine applies "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims")

In its motion, Bay Club first contends the Complaint fails to state a harassment claim. (*MTD* [Doc. 7-1] 5:21–22.) According to Bay Club, the Complaint fails to "allege facts that indicate Bay Club is in any way responsible for the alleged harassment" because the "Complaint does not state whether or when Charging Party… [was] employed or controlled by Defendant Bay Club, when any alleged instances of harassment occurred, or how frequently the alleged harassment occurred." (*Id*. 7-1] 6:17–21.) The Court disagrees for at least two reasons.

First, the Court disagrees with the level of specificity Bay Club suggests is required, which is akin to the level required to plead fraud. See Vess v. Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (explaining that to plead fraud under Federal Rule of Civil Procedure 9(b), plaintiff must plead "the who, what, when, where, and

2

how"). Despite its suggestion, Bay Club fails to cite any authority holding that a Title VII discrimination claim is subject to a heightened pleading standard, requiring a plaintiff to identify the who, what when, where and how.

Second, contrary to Bay Club's argument, the Complaint provides sufficient notice regarding the basis for the discrimination claim and Bay Club's responsibility. The Complaint alleges that in approximately July 2016, Bay Club "acquired the Fairbanks Country Club from Defendant Fairbanks and became a successor to Defendant Fairbanks." (*Compl.* ¶ 5.) Before "the acquisition, Defendant Bay Club operated and managed Fairbanks Ranch Country Club," was responsible for hiring the club's general manager, and Bay Club was identified or listed as the employer on documents such as, employment applications and handbooks. (*Id.* ¶ 6.) These allegations give rise to a reasonable inference that Bay Club employed and/or controlled the Charging Party and other aggrieved individuals. See Anderson v. Pacific Maritime Ass'n, 336 F.3d 924, 929–930 (9th Cir. 2003) (explaining direct employer relationship not necessary under Title VII).

In addition, the Complaint alleges Charging Party Scott "was subjected to unwelcome conduct of a sexual nature from Manager Shant Karian" that included touching, kicking, firmly grabbing her buttocks, attempting to grope her, touch her breasts and kiss her. (*Compl*. ¶ 26a.) Manager Karian also allegedly sent her "text messages requesting pictures of her 'ass.'" (*Id.*) With respect to another employee, Megan Fogelstrom, the Complaint alleges:

> On multiple occasions Karian repeatedly made sexual advances, hitting her buttocks, putting his arm around her waist and choking her, and repeatedly pursuing her sexually. Karian made inappropriate comments of a sexual nature to Fogelstrom and other female employees in her presence, asked Fogelstrom what kind of underwear she wore and told her to flash her breasts to customers. Karian also told male customers in front of Fogelstrom that Fogelstrom could give them "lap dances." In addition, [bartender Roman] Savedra grabbed and kissed Fogelstrom, and attempted to kiss her on other occasions.

3

(*Id.* ¶ 26b.) Yet another employee, Mary Charlebois, endured the following harassment:

> During her employment with Defendants, Mary Charlebois was told by Manager Shant Karian that she needed to wear a tighter blouse to work. Karian made unwelcome comments of a sexual nature to Charlebois and other female employees. Charlebois felt pressured to flirt back with Karian, who did the scheduling at work. Charlebois's hours were cut, and she received a lower rate of pay, because she did not engage in a sexual relationship with Karian.

(*Id.* ¶ 26c.) Based on these allegations, and given Bay Club's status as the operator/manager and then owner of the club, Bay Club's assertion that the Complaint fails to state a plausible claim for harassment lacks merit.

Bay Club next contends the EEOC has failed to state a retaliation claim because the Complaint does not identify "any individuals who complained or refused to participate in alleged sexual advances, who they complained to, when they complained or refused, or what 'harassment' they complain about or refused." (*MTD* 7:27–8:3.) Again this argument lacks merit for two reasons. First, this argument is also premised on imposing a fraud pleading standard, which is not supported by case law. Instead, a Title VII plaintiff must simply plead that he or she engaged in a protected activity, the employer subjected the person to an adverse employment action, and a causal link. Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 503 (9th Cir. 2000). Second, Bay Club's claim that the Complaint fails to identify anyone who complained, who they complained to or what they complained about is false. The Complaint alleges Charging party Scott "objected to and rejected the sexually harassing conduct, including but not limited to objecting to Karian about his comments, declining the requests and other comments…." (*Compl.* ¶ 28.) This allegations alone directly contradicts Bay Club's contention.

In connection with the retaliation claim, Bay Club raises two issues. First it contends the Complaint fails to allege "Bay Club took any adverse employment action against any person." (*MTD* 8:6–7.) Again, this contention is false. The Complaint

4

alleges that as a result of her complaints and refusal to acquiesce to the harassment, Charging Party Scott received lower rates of pay, threats of discharge, and reduced hours or shifts. (*Compl.* ¶ 30.)

Bay Club next argues the Complaint fails to allege a claim for constructive discharge because, among other things, the Complaint fails to allege that "any individual named in the Complaint quit as a result of intolerable working conditions." (*MTD* 10:1–2.) Wrong again: "For some employees, **including Charging Party [Scott] and Mary Fogelstrom**, the sexual harassment resulted in their constructive discharge because of the intolerable working conditions…." (*Compl.* ¶ 32.) To the extent what Bay Club is really suggesting is that the allegations of harassment outlined in paragraph 26a through 26c do not give rise to a reasonable inference of "intolerable working conditions," the argument is absurd.

The final argument in Bay Club's moving papers is that the Court lacks subject-matter jurisdiction over any individuals other than Charging Party Scott because no other party "filed a charge with the EEOC…." (*MTD* 10:21–23.) Bay Club, however, appears to abandon this argument in its reply, as it fails to respond to the EEOC's opposition. Regardless, the Court finds the Complaint's allegations and Letter of Determination demonstrate Bay Club was on notice of possible class claims. According to the Complaint, on "March 9, 2018, the Commission issued to all Defendants a Letter of Determination finding reasonable cause to believe that Defendants had violated Title VII." (*Compl.* ¶ 18.) The Letter of Determination specifically notified Bay Club that "the Commission has determined that there is reasonable cause to believe that a class of employees have been subjected to sexual harassment because of their sex (female), retaliation, and constructively discharged, in violation of Title VII." (*Crosby Decl.* [Doc. 9-2] Ex. A [Doc. 9-3] at p.1.) The Complaint then alleges that after issuing the letter, the "Commission engaged in communications with all Defendants and provided Defendants the opportunity to remedy the discriminatory practices described in the Letter of

5

Determination." (*Compl.* ¶¶ 18, 19.)  Based on these allegations, the Court finds Bay Club's contention that the Court lacks subject-matter jurisdiction unavailing.

All other arguments raised by Defendants lack merit.

## II. CONCLUSION & ORDER

For the reasons set forth above, the Court **DENIES** Bay Club's motion to dismiss [Doc. 7].

**IT IS SO ORDERED.**

Dated: February 1, 2019

_____
Hon. Thomas J. Whelan
United States District Judge