Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Natalie Nardecchia, SBN 246486
Jennifer Boulton, SBN 259076
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1032
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Lauren Crosby, SBN 313649
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 West Beech Street, Suite 504
Telephone: (619) 230-8103
Facsimile: (619) 557-7274
E-Mail: lauren.crosby@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BAY CLUB FAIRBANKS RANCH, LLC d/b/a FAIRBANKS RANCH COUNTRY CLUB, FAIRBANKS RANCH COUNTRY CLUB, INC. AND DOES 1-10, INCLUSIVE, <br><br> Defendants. | Case No.: 18cv1853-W-AGS <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISQUALIFY MARK KOORENNY AS COUNSEL** <br><br> Hon. Thomas J. Whelan <br> United States District Judge <br> Date: September 16, 2019 <br> NO ORAL ARGUMENT PURSUANT TO CIVIL LOCAL RULE 7.1(d)(1) |

i

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................1

II.     RELEVANT FACTUAL & PROCEDURAL BACKGROUND ..................1

III.    LEGAL STANDARD ON DISQUALIFICATION OF COUNSEL .............3

IV.     MR. KOORENNY SHOULD BE DISQUALIFIED UNDER CRPC 3.7(a)
        BECAUSE HIS FURTHER PARTICIPATION AS COUNSEL AND
        WITNESS IN THIS CASE WILL IMPEDE THE ADMINISTRATION
        OF JUSTICE, UNFAIRLY PREJUDICE THE EEOC AND RESULT IN
        A CONFLICT BETWEEN MR. KOORENNY AND BAY CLUB ...............5

V.      THE COURT SHOULD DISQUALIFY MR. KOORENNY UNDER
        CRPC 1.7(b) BECAUSE HIS REPRESENTATION OF BAY CLUB
        WILL BE MATERIALLY LIMITED BY HIS OWN INTERESTS AND
        HIS OBLIGATION TO TESTIFY TRUTHFULLY AS A WITNESS. ......10

VI.     OTHER FACTORS GENERALLY CONSIDERED BY COURTS WEIGH
        IN FAVOR OF DISQUALIFICATION. ........................................13

VII.    CONCLUSION. ...........................................................16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allergia, Inc. v. Bouboulis*,
 2015 WL 11735651 (S.D. Cal. May 5, 2015) ...................................................4

*Bernhoft Law Firm, S.C. v. Pollock*,
 2013 WL 542087 (S.D. Cal. Feb, 12, 2013) ...........................................passim

*Brighton Collectibles, Inc. v. Coldwater Creek Inc.*,
 2009 WL 10671353 (S.D. Cal. Dec. 8, 2009) ...............................................4

*Collins v. State of Cal.*,
 18 Cal. Rptr. 3d 112 ....................................................................................4, 13

*Colyer v. Smith*,
 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999) ...................................................15

*Comden v. Super. Ct.*,
 576 P.2d 971 (Cal. 1978) ..............................................................................6

*Crenshaw v. MONY Life Ins. Co.*,
 318 F. Supp. 2d 1015 (S.D. Cal. 2004). ......................................................3

*Hardage v. CBS Broad., Inc.*,
 427 F.3d 1177 (9th Cir. 2005) .....................................................................7

*In re Cty. of Los Angeles*,
 223 F.3d 990 (9th Cir. 2000) .......................................................................3

*Kennedy v. Eldridge*,
 135 Cal. Rptr. 3d 545 (Ct. App. 2011) ...............................................passim

*Kolstad v. American Dental Ass'n*,
 527 U.S. 526 (1999) ......................................................................................7

*Lyle v. Super. Ct.*,
 175 Cal. Rptr. 918 (Ct. App. 1981) .........................................................6, 10

*Murray v. Metro. Life Ins. Co.*,
 583 F.3d 173 (2nd Cir. 2009) ......................................................................6

*Montero v. Agco Corp.*,
192 F.3d 856 (9th Cir. 1999) ................................................................7

*Pa. State Police v. Suders*,
542 U.S. 129 (2004)..............................................................................7

*People ex rel. Dept of Corps. v. SpeeDee Oil Change Sys., Inc.*,
980 P.2d 371 (Cal. 1999)................................................................4, 13

*People v. Donaldson*,
113 Cal. Rptr. 2d 548 (Ct. App. 2001) ...............................................5

*Rodriguez v. W. Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ........................................................3, 11

*Sharp v. Next Entm't, Inc.*,
78 Cal. Rptr. 3d 37 (Ct. App. 2008) ...........................................passim

*Shurance v. Planning Control Int'l, Inc.*,
839 F.2d 1347 (9th Cir. 1988) .............................................................4

*Smith v. Cook*,
2019 WL 1185221 (S.D. Cal. Mar. 7, 2018)......................................15

*Smith, Smith & Kring v. Super. Ct.*,
70 Cal. Rptr. 2d 507 (Ct. App. 1997) ..........................................passim

*Star v. West*,
237 F.3d 1036 (9th Cir. 2001) .............................................................7

*Tobin v. BC Bancorp*,
2009 WL 10671925 (S.D. Cal. Nov 10, 2009)...........................4, 8, 13

*United States v. Wunsch*,
84 F.3d 1110 (9th Cir. 1996) .............................................................16

**Statutes, Rules, Regulations**

42 U.S.C. § 1981a(b)(1)......................................................................7

iv

18cv1853-W-AGS

Cal. Rule of Prof'l Conduct 1.7 .................................................................passim

Cal. Rule of Prof'l Conduct 1.7(b).............................................................passim

Cal. Rule of Prof'l Conduct 1.7(d)...................................................................10

Cal. Rule of Prof'l Conduct 3.7 .................................................................passim

Cal. Rule of Prof'l Conduct 3.7(a) .............................................................passim

Cal. Rule of Prof'l Conduct 3.7(a)(1) ................................................................8

Cal. Rule of Prof'l Conduct 3.7(a)(2) ................................................................8

Cal. Rule of Prof'l Conduct 3.7(a)(3) ................................................................8

Comment No. 3 to Cal. Rule of Prof'l Conduct 3.7 ......................................8, 14

Comment No. 8 to Cal. Rule of Prof'l Conduct 1.7 ...........................................14

Fed. R. Civ. P. 26(a)(1)........................................................................................3

Fed. R. Evid. 401 .................................................................................................8

Local Civil Rule 83.4(b) .............................................................................passim

Local Civil Rule 83.3(c)(2)................................................................................15

Model Rules of Prof'l Conduct r.3.7 (Am. Bar. Ass'n) ........................................5

Title I of the Civil Rights Act of 1991 ................................................................1

Title VII of the Civil Rights Act of 1964............................................................passim

**Other Sources**

Restatement (Third) of Law Governing Lawyers: Conflicts of Interest,
    § 121 (Am. Law. Inst., 1998) .....................................................................11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Bay Club Fairbanks Ranch, LLC d/b/a Fairbanks Ranch Country Club ("Bay Club") is currently represented by attorneys at Buchalter APC and Mark Koorenny of the Koorenny Law Firm in this Title VII action filed by Plaintiff United States Equal Employment Opportunity Commission ("EEOC"). However, Mr. Koorenny's involvement in this case far exceeds this role. Mr. Koorenny is also General Counsel for Bay Club, a central witness who is almost certain to testify at trial as to important underlying facts of the case, the sole or primary individual responsible for the internal investigation into the allegations of sexual harassment, and, thus far, the sole party representative for Bay Club to have appeared before the Court. These multiple conflicting roles render it impossible for Mr. Koorenny to fulfill his ethical responsibilities to his client and the Court and threaten the fair administration of justice in this case. Mr. Koorenny has been and will continue to be intricately involved in the litigation. However, these significant conflicts should preclude him from continuing in his capacity as co-counsel for Defendant Bay Club. Accordingly, the EEOC respectfully moves the Court for an order disqualifying Mark Koorenny as counsel for Defendant Bay Club pursuant to Local Civil Rule 83.4(b), California Rules of Professional Conduct 3.7(a) and 1.7(b) and the Court's inherent authority.

### II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2018, following an investigation into the rampant sexual harassment of a class of female employees at Fairbanks Ranch Country Club in Rancho Santa Fe, the EEOC filed this action for sexual harassment, constructive discharge, and retaliation under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 against the employer-defendants Bay Club and Fairbanks Ranch Country Club, Inc. ("FRCCI") on behalf of Charging Party Sidney Scott and a class of similarly aggrieved female employees. (*EEOC Complaint*, ECF No. 1).

Bay Club is currently represented by attorneys at Buchalter APC and by Mark Koorenny of Koorenny Law Group.[1] Mr. Koorenny has not filed a formal notice of appearance in this case but is listed on the header of multiple filings by Bay Club and in discovery-related documents. *See* ECF Nos. 7, 10, 16. Further, in a procedurally improper privilege log submitted to the EEOC on July 15, 2019, Bay Club appears to be asserting attorney-client privilege over communications between Mr. Koorenny and various Bay Club employees. *Bay Club Privilege Log*, Exhibit A to Decl. of L. Crosby. Bay Club has also indicated that it intends to assert attorney work product protections over issues relevant to Mr. Koorenny's deposition. *June 11, 2019 Email from Bay Club Counsel*, Exhibit B to Decl. of L. Crosby.

However, Mr. Koorenny has been highly involved in this matter in other conflicting capacities prior to the EEOC investigation and through today. In addition to appearing as co-counsel in this case as part of the Koorenny Law Group, to the EEOC's knowledge, Mr. Koorenny remains General Counsel for Bay Club and has participated in both the litigation and investigation in that capacity. *See, e.g.*, *April 2017 Emails Between EEOC Investigator and M. Koorenny*, Exhibit C to Decl. of L. Crosby; Ex. B to Decl. of L. Crosby. Mr. Koorenny appears to have attended the Early Neutral Evaluation in his capacity as party representative; no other representative from Bay Club attended. *See* ECF No. 17 at 2 (requiring personal appearances of party or party representative with full settlement authority at the ENE); ECF No. 30. Most significantly Mr. Koorenny has represented to the EEOC that he was the primary or sole investigator responsible for the internal investigation of Ms. Scott's allegations of sexual harassment. *See, e.g.*, Ex. C to Decl. of L. Crosby. Specifically, in an email regarding the EEOC's Request for Information as to any internal investigation conducted by Bay Club, Mr. Koorenny states that "[a]s part of that 'investigation'" he spoke with Shant Karian and "staff (both front and back of the

---

[1] The Buchalter APC attorneys, Tracy Warren and Kathryn Fox, have formally appeared in the case and are not the subject of this motion to disqualify.

house in F&B).” *Id.* According to Mr. Koorenny, this investigation took place once Bay Club first received notice of the claim, which was prior to the filing of the EEOC Charge and any EEOC investigation. *Id.*

As a result of Mr. Koorenny's prolonged, substantial involvement in the underlying facts of this case, in particular those directly relevant to Bay Club's liability for unlawful discrimination under Title VII, the EEOC listed Mr. Koorenny as a witness on its first supplemental disclosures pursuant to Rule 26(a)(1) on June 25, 2019. *See* Decl. of L. Crosby. Bay Club has represented that Mr. Koorenny will be made available for deposition. *See July 22, 2019 Email from Bay Club Counsel*, Exhibit D to Decl. of L. Crosby. The EEOC has noticed Mr. Koorenny's deposition for early September. Despite requests by counsel for Defendant FRCCI and the EEOC, to this date Mr. Koorenny has failed to file a Notice of Appearance or otherwise clarify his role. *See Excerpts from Transcript from July 18, 2019 Disc. Conference*, Exhibit E to Decl. of L. Crosby; *June 21, 2019 Email from FRCCI Counsel*, Exhibit F to Decl. of L. Crosby; Decl. of L. Crosby at ¶3. At the same time, Mr. Koorenny continues to appear in his various capacities in this litigation despite the increasingly problematic personal and professional ethical conflicts resulting from these conflicting roles.

On July 30, 2019, the EEOC sent a letter to Bay Club attorneys Tracy Warren and Kathryn Boyd Fox notifying them of the EEOC's concerns with Mr. Koorenny's ethical conflicts, requesting clarification on his involvement in this case, and advising of the EEOC's intent to file the instant motion if necessary. The EEOC has not received any response to this inquiry. *See* Decl. of L. Crosby at ¶3.

## III.   LEGAL STANDARD ON DISQUALIFICATION OF COUNSEL

Federal courts in California apply California state law when considering disqualification motions. *In re Cty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (“By virtue of the district court's local rules, California law controls whether an ethical violation occurred.”). “A trial court's authority to disqualify an attorney derives from the power inherent in every court

'[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." *Kennedy v. Eldridge*, 135 Cal. Rptr. 3d 545, 550 (Ct. App. 2011); *see also Bernhoft Law Firm, S.C. v. Pollock*, No. 12-CV-1608 W BLM, 2013 WL 542087, at *1 (S.D. Cal. Feb. 12, 2013); *Allergia, Inc. v. Bouboulis*, No. 14-CV-1566 JLS (RBB), 2015 WL 11735651, at *2 (S.D. Cal. May 5, 2015); *Crenshaw v. MONY Life Ins. Co.*, 318 F. Supp. 2d 1015, 1020 (S.D. Cal. 2004); *Brighton Collectibles, Inc. v. Coldwater Creek Inc.*, No. 08-CV-2307-H (WVG), 2009 WL 10671353, at *2 (S.D. Cal. Dec. 8, 2009) ("The right to disqualify counsel is within the discretion of the trial court as an exercise of its inherent powers."). "The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." *People ex rel. Dept. of Corps. v. SpeeDee Oil Change Sys., Inc.*, 980 P.2d 371, 378 (Cal. 1999). Although disqualification motions involve serious considerations that must be carefully scrutinized, "[t]he important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process." *Collins v. State of Cal.*, 18 Cal. Rptr. 3d 112, 120 (Ct. App. 2004); *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1349 (9th Cir. 1988); *Crenshaw*, 318 F. Supp. 2d at 1020 (explaining that motions to disqualify are subjected to "particular judicial scrutiny").

Under Civil Local Rule 83.4(b),

> Every member of the bar of this court and any attorney permitted to practice in this Court must be familiar with and comply with the standards of professional conduct required of members of the State Bar of California, which are now adopted as standards of professional conduct of this court. No attorney permitted to practice before this court will engage in any conduct which degrades or impugns the integrity of the court or in any manner interferes with the administration of justice within the Court.

CivLR 83.4(b). Thus, a party may move for disqualification of counsel based on a violation of the California Rules of Professional Conduct ("CRPC"). *See*, *e.g.*, *Tobin v. BC Bancorp*, No. 09CV0256 DMS (CAB), 2009 WL 10671925, at *2 (S.D. Cal. Nov. 10, 2009).

In this case, the EEOC respectfully requests that the Court disqualify Mark Koorenny, co-counsel for Defendant Bay Club, on the grounds that he will be unable to comply with his ethical responsibilities under CRPC 3.7(a) and 1.7(b) due to his involvement in the factual circumstances underlying this Title VII action and status as General Counsel for Bay Club.

## IV.   MR. KOORENNY SHOULD BE DISQUALIFIED UNDER CRPC 3.7(a) BECAUSE HIS FURTHER PARTICIPATION AS COUNSEL AND WITNESS IN THIS CASE WILL IMPEDE THE ADMINISTRATION OF JUSTICE, UNFAIRLY PREJUDICE THE EEOC, AND RESULT IN A CONFLICT BETWEEN MR. KOORENNY AND BAY CLUB.

The EEOC initially moves for this Court to disqualify Mr. Koorenny on the grounds that his continued representation of Bay Club in this litigation will violate CRPC's prohibition on attorneys acting as advocates in trial where the lawyer is also likely to be a witness. Rule 3.7(a) of the CRPC provides:

> A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless: (1) The lawyer's testimony relates to an uncontested issue or matter; (2) The lawyer's testimony relates to the nature and value of legal services rendered in the case; or (3) The lawyer has obtained informed written consent from the client.…

CRPC 3.7(a)[2]; *see also* Model Rules of Prof'l Conduct r.3.7 (Am. Bar Ass'n). This rule reflects a necessary protection against the inherent conflict between the roles of advocate and witness. *See Kennedy*, 135 Cal. Rptr. 3d at 554 (quoting *People v. Donaldson*, 113 Cal. Rptr. 2d 548, 555–56 (Ct. App. 2001)) ("An advocate who becomes a witness is in the

---

[2] On May 10, 2018, the California Supreme Court issued an order approving the new Rules of Professional Conduct, which went into effect November 1, 2018. Because case law on the new rules is limited, most of the cases cited reference the previous versions of both Rule 3.7 (Rule 5-210) and Rule 1.7 (Rule 3-310). The new rules remain similar to the old rules with respect to the issues relevant to this motion. Accordingly, case law interpreting the previous versions of each rule remains instructive.

unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively."). Advocate-witness rules such as CRPC 3.7 protect against harm to the integrity of the litigation process by preventing situations where a lawyer may appear to vouch for his or her own credibility, where the opposing counsel is placed in the difficult position of challenging the credibility of another advocate in the same case, and where jury confusion may result from one individual acting as both witness and advocate. *See, e.g.*, *Lyle v. Super. Ct.*, 175 Cal. Rptr. 918, 925 (Ct. App. 1981); *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009) (analyzing a similar advocate-witness rule in New York). Courts in California have "firmly embraced the ethical prohibition against an attorney taking on the dual roles of advocate and witness." *Kennedy*, 135 Cal. Rptr. 3d at 555; *Comden v. Super. Ct.*, 576 P.2d 971 (Cal. 1978) ("An attorney who attempts to be both advocate and witness impairs his credibility as witness and diminishes his effectiveness as advocate.").

First, Mr. Koorenny is almost certain to be a central fact witness who will be called to testify at a deposition and a jury trial due to his significant involvement in the facts underlying this Title VII action. The EEOC brings claims for sexual harassment, constructive discharge, and retaliation against Defendants on behalf of a group of young, female claimants who were employed at the Fairbanks Ranch Country Club by Defendants. *See* ECF No. 1. These young victims allege in part that they were subjected to discrimination and severe sexual harassment by manager Shant Karian and/or co-worker Roman Savedra in violation of Title VII. *Id.*

To the EEOC's knowledge, Mr. Koorenny has been General Counsel for Defendant Bay Club at all relevant times during and previous to this litigation. Significantly, Mr. Koorenny also played a central role in Bay Club's response to notice of Ms. Scott's allegations. In an email to the EEOC during the EEOC investigation, Mr. Koorenny represented that he spoke with Mr. Karian, the alleged harasser, following notice of Ms. Scott's allegations via a communication from the California Employment Development

Department. Mr. Koorenny was present when Mr. Karian resigned his employment. *See* Ex. C to Decl. of L. Crosby. He further asserted that he spoke with various employees as part of efforts to investigate Ms. Scott's claims. *Id.* Accordingly, Mr. Koorenny is an important fact witness for purposes of discovering and proving the factual circumstances of this case, particularly with respect to Bay Club's remedial efforts, knowledge of discrimination, adequacy of any internal investigation, and Mr. Karian's resignation.

A crucial portion of Title VII litigation is establishing the vicarious liability of an employer for the discriminatory actions of its employees. The extent of what the employer knew or should have known regarding the discriminatory conduct and harassment, and the extent of any remedial and/or preventative measures to prevent and promptly correct the harassment is highly likely to be necessary in the course of this litigation and at trial. *See, e.g.*, *Star v. West*, 237 F.3d 1036, 1038 (9th Cir. 2001); *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1183 (9th Cir. 2005); *Pa. State Police v. Suders*, 542 U.S. 129, 145–46 (2004).[3] Further, the EEOC has included a request for punitive damages in its prayer for relief. *See* ECF No. 1 at 9. Punitive damages are available under Title VII where, as here, an employer engaged in discriminatory practices with reckless indifference to the federally protected rights of aggrieved individuals. 42 U.S.C. § 1981a(b)(1); *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 536 (1999). Mr. Koorenny is a key witness as to Defendant Bay Club's liability and punitive damages because he appears to have taken the lead in directing Bay Club's response to the allegations of harassment once they were on notice of Ms. Scott's claims. Mr. Koorenny's actions in the course of his purported internal investigation and the content of his conversations with employees, as well as his anticipated testimony about the absence of other remedial measures, are relevant and highly probative to this case. *See*

---

[3] However, Defendant Bay Club has not asserted any *Ellerth-Faragher* defense and should be precluded from arguing this defense with respect to the actions by the alleged discriminating officials. *See Hardage*, 427 F.3d at 1183 (quoting *Montero v. Agco Corp.*, 192 F.3d 856, 861 (9th Cir. 1999)).

Fed. R. Evid. 401. Further, Mr. Koorenny is in a unique position to provide factual testimony about the events at Fairbanks Ranch Country Club. Based on his representations to the EEOC during the investigation, Mr. Koorenny appears to be the sole or primary Bay Club representative who purportedly spoke with Mr. Karian and other Bay Club employees to investigate Ms. Scott's claims. Thus, it is unlikely that the Parties will be able to discover this important evidence without Mr. Koorenny's testimony. *See Tobin*, 2009 WL 10671925, at *3 (citing *Smith, Smith & Kring v. Super. Ct.*, 70 Cal. Rptr. 2d 507, 511–12 (Ct. App. 1997) (emphasizing that a court must weigh the genuine need of counsel's testimony in a matter); *Kennedy*, 135 Cal. Rptr. 3d at 555 (granting a motion to disqualify under the former version of the rule because there was a "virtual certainty that [the attorney's] testimony as a witness…will be necessary").

As Mr. Koorenny's actions on behalf of Bay Club will be significant to findings on liability and punitive damages, the EEOC anticipates that these will be highly contested issues at trial and throughout this litigation. Thus, the exception in the CRPC for an "uncontested issue or matter" is not applicable. *See* CRPC 3.7(a)(1). Mr. Koorenny's testimony will not relate to "the nature and value of legal services rendered in the case." *See* CRPC 3.7(a)(2). Finally, the EEOC is unaware of any informed written consent allowing Mr. Koorenny to continue in his capacity as co-counsel. *See* CRPC 3.7(a)(3). As explained in greater detail *infra*, even if informed written consent may exist, the Court retains discretion to disqualify an attorney to protect against any misleading of the jury and prejudice to opposing counsel. *See* Comment No. 3 to CRPC 3.7; *Smith, Smith & Kring*, 70 Cal. Rptr. 2d at 510.

The EEOC acknowledges that disqualification is a serious, significant request to make of this Court. However, the EEOC firmly believes that this is a necessary step in light of Mr. Koorenny's pivotal role as a fact witness as to many material and disputed issues in this case. It is a near certainty that Mr. Koorenny will testify at trial as he appears to have sole knowledge of many of these events. *See* Ex. C to Decl. of L. Crosby. In fact, Defendant Bay Club has stated that it would offer Mr. Koorenny for deposition. The EEOC has

noticed the deposition for early September. Accordingly, Mr. Koorenny's conflicting roles of witness and advocate will soon have a substantial impact on this case, in the absence of Mr. Koorenny's withdrawal or the Court's intervention and disqualification. At his upcoming deposition, Mr. Koorenny will be required to uphold his responsibility to provide truthful testimony in his capacity as a witness and to uphold his ethical duties to represent the best interests of Bay Club in his capacity as advocate. This is a challenging, if not impossible, task in this case where the adequacy of Mr. Koorenny's investigation and the scope of remedial steps he directed will be at issue and directly challenged under the EEOC's theory of the case. Mr. Koorenny's participation in this case as counsel will prejudice the EEOC by allowing Mr. Koorenny to potentially argue his own credibility as a witness and put EEOC attorneys in the difficult position of impeaching and challenging the credibility of another attorney in the case before a jury. *See Kennedy*, 135 Cal. Rptr. 3d at 554. This could be unduly influential to the jurors that will eventually hear this case and will impede the fair administration of justice in this case.

In addition, the EEOC has reason to believe that Mr. Koorenny is purposefully avoiding formal clarification of his role in order to benefit from the advantages of certain roles and avoid the potential disadvantages of others. For example, despite representations to the EEOC that Mr. Koorenny would testify as a witness, Bay Club also contends that objections based on attorney work product would permeate much of Mr. Koorenny's deposition and has asserted attorney-client privilege over communications between Mr. Koorenny and other members of Bay Club management during the time frame of his purported internal investigation. *See* Ex. B to Decl. of L. Crosby; Ex. A to Decl. of L. Crosby. Bay Club is attempting to use the attorney-client privilege and attorney work product doctrines as both a sword and a shield through Mr. Koorenny's multiple, conflicting roles in this investigation. This is improper and unfairly prejudicial to the EEOC's efforts to litigate this case and access important testimony and evidence.

Most significantly, Mr. Koorenny's continued participation as co-counsel may eventually lead to juror confusion and undermine the administration of justice. CRPC 3.7

is intended to protect the integrity of the judicial process and fairness to the parties in exactly these circumstances. *See Kennedy*, 135 Cal. Rptr. 3d at 554–56; *Lyle*, 175 Cal. Rptr. at 925. Accordingly, the EEOC respectfully requests that the Court disqualify Mr. Koorenny from representing Defendant Bay Club as co-counsel in this action.

## V.  MR. KOORENNY SHOULD BE DISQUALIFIED UNDER CRPC 1.7(b) BECAUSE HIS REPRESENTATION OF BAY CLUB WILL BE MATERIALLY LIMITED BY HIS OWN INTERESTS AND HIS OBLIGATION TO TESTIFY TRUTHFULLY AS A WITNESS.

The EEOC also moves to disqualify Mr. Koorenny from acting as counsel for Bay Club in this litigation pursuant to Local Rule 83.4(b) and CRPC 1.7(b) due to the significant risk that his representation of Defendant Bay Club will be materially limited by Mr. Koorenny's own personal and professional interests.

Rule 1.7(b) of the California Rules of Professional Conduct provides:

> A lawyer shall not without informed written consent from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client, or a third person, or by the lawyer's own interests.

CRPC 1.7(b). Even when the lawyer complies with paragraph (b), representation is only permitted where,

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; and (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceedings before a tribunal.

CRPC 1.7(d). "Disqualification of counsel not only prevents attorneys from breaching their ethical duties, but also protects the judicial process from any taint of unfairness that might arise from conflicts of interests." *Sharp v. Next Entm't, Inc.*, 78 Cal. Rptr. 3d 37, 49 (Ct. App. 2008). "A conflict arises when the circumstances of a *particular case* present 'a

18cv1853-W-AGS

substantial risk that the lawyer's *representation of the client* would be materially and adversely affected by the lawyer's own interests . . . ." *Id.* at 50 (citing Restatement (Third) of Law Governing Lawyers: Conflicts of Interest § 121 (Am. Law. Inst. 1998)). "Where such a conflict arises, and an attorney's continued representation threatens that attorney's client with cognizable injury or would undermine the integrity of the judicial process, a trial court may grant a motion for disqualification." *Bernhoft Law Firm*, 2013 WL 542087, at *2.

In this case, there is a substantial risk that Mr. Koorenny's continued representation of Bay Club will be materially limited by Mr. Koorenny's own personal and professional interests, as well as his obligation to testify truthfully under oath as a central fact witness in this case. This is a violation of Mr. Koorenny's duties to Bay Club as counsel; however, this also results in unfair prejudice to the EEOC and threatens to undermine the integrity of the judicial process in this case. *See* CRPC 1.7(b).

Under the California Rules of Professional Conduct, attorneys have ethical responsibilities to put their clients' interests above their own interests and the interests of others. Conflicting interests can result in attorneys being unable to fulfill these duties and are consequently taken seriously by the Courts. *See, e.g.*, *Rodriguez*, 563 F.3d at 967 ("Simultaneous representation of clients with conflicting interests (and without written informed consent) is an automatic ethics violation in California and ground for disqualification."). In this case, Mr. Koorenny's participation in multiple different capacities presents unavoidable conflicts that the CRPC aim to prohibit. For one, Mr. Koorenny has a professional relationship with Bay Club extending beyond this case in his capacity as General Counsel to Bay Club. Consequently, Mr. Koorenny has professional, personal, and financial interests in continuing this relationship. Second, Mr. Koorenny seems to have appeared at the ENE in his capacity as the party representative with full settlement authority required to be in attendance pursuant to the February 21, 2019 Order of the Court. ECF No. 17 at 2. As discussed, Mr. Koorenny is also a central witness in this case as he is purportedly the sole or primary investigator who conducted the investigation

into Ms. Scott's complaint of sexual harassment. The EEOC will necessarily argue that Mr. Koorenny's actions as sole or primary investigator were inadequate and exposed Bay Club to significant liability in this case under Title VII. Finally, and as challenged in this motion, Mr. Koorenny continues to appear as co-counsel in various filings and in discovery-related issues between the parties. These multiple, conflicting roles are too many for one individual to take on in a single case without violating professional and ethical responsibilities. For example, Mr. Koorenny may soon be in the uncomfortable position of having to testify about his actions which are likely to have aided in exposing Bay Club to significant liability, of being a key decisionmaker as party representative with full settlement authority for Bay Club in this case where his own actions are at issue, and of having to comply with his ethical duties in advising and arguing on behalf of Bay Club as co-counsel.

Related to Mr. Koorenny's likely participation in this case as a witness, Mr. Koorenny has an obligation to testify truthfully at his deposition and at trial. Mr. Koorenny has knowledge relevant to a broad range of underlying facts in this case and it is possible that his testimony will harm Bay Club, which would be inconsistent with his responsibilities to his client. *See* CRPC 1.7(b). Disqualification would protect Bay Club, prevent Mr. Koorenny from needing to navigate this complex dual role, and protect the integrity of the judicial process. Further, the EEOC will continue to challenge the adequacy of the internal investigation and the remedial steps taken by Bay Club. Thus, the EEOC's case challenges that Mr. Koorenny's actions as sole or primary investigator in part subjected Bay Club to liability for unlawful employment discrimination under Title VII. In addition, professional and financial interests in continuing his professional relationship as General Counsel for Bay Club may put additional pressures on Mr. Koorenny's legal representation and his obligations of truthfulness and candor to the Court. These conflicting interests result in a substantial risk that Mr. Koorenny's representation of Bay Club will be materially limited by his own interests, his professional and financial interests in his relationship with Bay Club, and his obligations to the Court as a witness. CRPC 1.7(b). In light of these serious ethical considerations, Mr. Koorenny's continued representation of

Bay Club in this action threatens to undermine the overall administration of justice in this case.[4] *See Sharp*, 78 Cal. Rptr. 3d at 49–50.

## VI.    OTHER FACTORS GENERALLY CONSIDERED BY COURTS WEIGH IN FAVOR OF DISQUALIFICATION.

"Depending on the circumstances, a disqualification motion may involve such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion." *Collins*, 18 Cal. Rptr. 3d at 119 (citing *SpeeDee Oil Change Systems, Inc.*, 980 P.2d at 377–78). Courts also consider hardship to the client and, in cases dealing with an advocate-witness ethical issue, the genuine need of counsel's testimony in the matter. *See Smith, Smith & Kring*, 70 Cal. Rptr. 2d at 511; *Tobin*, 2009 WL 10671925 at *3. Motions to disqualify are subject to careful examination by courts due to the possibility for tactical abuse and the potential costs to clients. *See Sharp*, 78 Cal. Rptr. 3d at 48–49.

In this case, these factors weigh in favor of disqualification. First, Mr. Koorenny is likely the only source for material, disputed testimony; the EEOC has demonstrated that there is a genuine need for counsel's testimony in this matter. Further, the EEOC has not filed this motion in bad faith for any abusive tactical reasons. Mr. Koorenny was involved in the underlying facts of this case prior to the filing of this action and prior to any notice of the EEOC investigation and Charge of Discrimination. The EEOC does not seek Mr.

---

[4] As referenced during the discovery conference, on Friday, June 21, 2019, counsel for FRCCI sent an email to counsel for the EEOC and Bay Club requesting clarification of Mr. Koorenny's status in the litigation. Counsel for FRCCI indicated that Mr. Koorenny may also have an attorney-client relationship with Steve Foster, the former President of FRCCI. *See* Exhibit F to Decl. of L. Crosby; Exhibit E to Decl. of L. Crosby. This may demonstrate another conflict preventing any further representation of Bay Club. To the extent this remains an issue, the EEOC would invite comment from Defendant FRCCI. *See* CRPC 1.7(a); *see also* CRPC 1.7(b).

13

Koorenny's testimony in order to disqualify him under CRPC 3.7; rather, the EEOC seeks Mr. Koorenny's testimony because he is and remains a material witness in this litigation due to his actions in response to notice of Ms. Scott's allegations. *See* Ex. C to Decl. of L. Crosby. The need for his disqualification follows from those circumstances.

In addition, any hardship to Bay Club as a result of Mr. Koorenny's disqualification is minimal because Bay Club has also been represented by attorneys at Buchalter at all times since the filing of this action. In fact, the attorneys at Buchalter appear to have taken the lead role in litigation as they have signed a majority of the communications and filings in this case. (*See, e.g.*, ECF Nos. 7, 10, 16). As Bay Club's remaining counsel is familiar with the case and has actively litigated this case since its filing, Bay Club will not be burdened by the "duplicate expense and time-consuming effort involved in replacing counsel already familiar with the case." *See Smith, Smith & Kring*, 70 Cal. Rptr. 2d at 511. The EEOC does not seek disqualification of any attorney other than Mr. Koorenny. This is reflective of the EEOC's purpose in the instant motion to protect the administration of justice and avoid unfair prejudice, rather than any purpose to impede the representation of or cause any hardship towards Bay Club.

The EEOC has no knowledge as to whether Mr. Koorenny obtained informed, written consent from Bay Club in compliance with the requirements of both CRPC 1.7 and 3.7. In the absence of written consent, Mr. Koorenny cannot continue as co-counsel in this litigation. *See* CRPC 1.7 and 3.7. However, while strong deference is given to client's choice of counsel where counsel has obtained informed written consent, "[t]he important right of counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process." *See Bernhoft Law Firm*, 2013 WL 542087 at *1. The Comments to both CRPC 1.7 and 3.7 indicate that the Court maintains discretion to disqualify an attorney even where written informed consent exists. *See* Comment No. 3 to CRPC 3.7; Comment No. 8 to CRPC 1.7. Because of Mr. Koorenny's substantial role in the facts underlying this litigation, his likelihood of appearing as a witness at trial, and the serious conflicts of interests implicated by any continued representation, the EEOC

requests that this Court exercise its discretion to disqualify Mr. Koorenny, even if informed written consent exists.

The EEOC has standing to bring this motion because of the significant ethical concerns at issue in this case and the substantial risk that Mr. Koorenny's further involvement would undermine the integrity of the judicial process. While some courts have limited standing to bring a disqualification motion to clients or former clients, "where an attorney's continued representation threatens an opposing litigant with cognizable injury or would undermine the integrity of the judicial process, the trial court may grant a motion for disqualification, regardless of whether a motion is brought by a present or former client of recused counsel." *Kennedy*, 135 Cal. Rptr. 3d at 550 (noting that "[c]ase law abounds with examples of orders disqualifying counsel that have not been the product of motions by present or former clients."); *see also Smith v. Cook*, No. 17-CV-00961-AJB-WVG, 2018 WL 1185221, at *3 (S.D. Cal. Mar. 7, 2018) (quoting *Colyer v. Smith*, 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999)) ("non-client litigants may have standing to move for disqualification of counsel in cases where they have a sufficient 'personal stake' in the motion because 'the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of [its] claims.'"). Courts are not required to "stand idly by and permit conflicted counsel to participate in a case merely because neither a client nor former client has brought a motion." *Kennedy*, 135 Cal. Rptr. 3d at 551; *Bernhoft Law Firm*, 2013 WL 542087, at *2. At this stage of litigation, it is now imperative that Mr. Koorenny's role in this action is clarified and appropriately limited. Depositions of multiple victims of the sexual harassment have been noticed for the coming weeks and Mr. Koorenny's status as a key fact witness related to the investigation and his various ethical conflicts should preclude him from participation or attendance at these depositions. To the extent deemed necessary by the Court following the resolution of this motion, the EEOC requests that Mr. Koorenny file a notice of appearance or otherwise clarify his participation in this litigation. *See* CivLR 83.3(c)(2) (subject to certain exceptions, limiting practice to those attorneys who are members of the bar of this court);

*see also United States v. Wunsch*, 84 F.3d 1110, 1115 (9th Cir. 1996) (determining that the absence of a formally-filed notice of appearance did not preclude a finding that the attorney had appeared when considering disqualification and sanctions).

Although a motion for disqualification is a serious request appropriately subject to careful consideration by the Court, disqualification is warranted and necessary in this case to protect the "paramount concern" of the "preservation of public trust in the scrupulous administration of justice and integrity in the bar." *Sharp*, 78 Cal. Rptr. 3d at 49. Mr. Koorenny's continued representation of Defendant Bay Club is likely to harm Bay Club, will result in unfair prejudice to the EEOC, and will almost certainly cause significant injury to the integrity of the judicial process. *See Smith, Smith & Kring*, 70 Cal. Rptr. 2d 510–11.

## VII.   CONCLUSION

The EEOC respectfully requests that the Court grant this motion and disqualify Mr. Koorenny as counsel for Defendant Bay Club pursuant to Local Civil Rule 83.4(b), California Rules of Professional Conduct 3.7(a) and 1.7(b), and the Court's inherent authority. In the event the Court denies this motion, the EEOC requests that any denial is without prejudice to file a renewed motion for disqualification at a later stage in litigation.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

DATED: August 2, 2019            By: *s/Lauren N. Crosby*
                                 Lauren N. Crosby
                                 lauren.crosby@eeoc.gov
                                 Attorney for Plaintiff EEOC