1  Anna Y. Park, SBN 164242
2  Sue J. Noh, SBN 192134
   Natalie Nardecchia, SBN 246486
3  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
4  255 East Temple Street, Fourth Floor
5  Los Angeles, CA 90012
   Telephone: (213) 894-1032
6  Facsimile: (213) 894-1301
7  E-Mail: lado.legal@eeoc.gov

8
   Lauren Crosby, SBN 313649
9  Connie K. Liem, TX SBN 791113
   U.S. EQUAL EMPLOYMENT
10 OPPORTUNITY COMMISSION
11 555 West Beech Street, Suite 504
   Telephone: (619) 230-8103
12 Facsimile: (619) 557-7274
13 E-Mail: lauren.crosby@eeoc.gov

14
   Attorneys for Plaintiff
15 U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
16

17          **UNITED STATES DISTRICT COURT**
18          **SOUTHERN DISTRICT OF CALIFORNIA**
19

20 U.S. EQUAL EMPLOYMENT
21 OPPORTUNITY COMMISSION,

22                              Plaintiff,

23 v.

24 Bay Club Fairbanks Ranch, LLC d/b/a
   Fairbanks Ranch Country Club, Fairbanks
25 Ranch Country Club, Inc. and DOES 1-
26 10, inclusive,

27                              Defendants.

28

Case No.:  18cv1853-W-AGS

**CONSENT DECREE WITH FAIRBANKS RANCH COUNTRY CLUB, INC. ONLY**

Hon. Thomas J. Whelan
U.S. District Judge

1

1   **I.     INTRODUCTION**

2          Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or

3   "Plaintiff") and Defendant Fairbanks Ranch Country Club, Inc. ("FRCCI") hereby

4   stipulate and agree to the entry of this Consent Decree ("Decree") to resolve Plaintiff's

5   complaint against Defendant FRCCI only.  The remaining defendant, Bay Club Fairbanks

6   Ranch, LLC ("Bay Club"), is not a party to this Consent Decree.

7          On August 8, 2018, EEOC filed this action in the United States District Court for

8   the Southern District of California in *U.S. Equal Employment Opportunity Commission v.*

9   *Bay Club Fairbanks Ranch, LLC d/b/a Fairbanks Ranch Country Club, Fairbanks Ranch*

10  *Country Club, Inc., and Does 1-10, inclusive,* Case No. 18cv1853-W-AGS for violations

11  of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title

12  VII"). The action alleges that Defendants violated Title VII by unlawfully subjecting

13  Charging Party Sidney Scott and a class of similarly aggrieved individuals ("Claimants")

14  to sexual harassment, including a hostile work environment and quid pro quo harassment,

15  because of their sex (female). The action further alleges that Defendants violated Title VII

16  by unlawfully subjecting some Claimants to constructive discharge and retaliation.  FRCCI

17  denies liability and contends that it did not violate the law because, at the time of all events

18  alleged in the Complaint, it did not exercise control as an employer; both contractually and

19  in fact, FRCCI was precluded by Defendant Bay Club from exercising any control over the

20  workplace at Fairbanks Ranch Country Club after April 30, 2015.

21  **II.    PURPOSE AND SCOPE OF THE DECREE**

22  A.     The Parties to the Decree are the EEOC and Defendant FRCCI (collectively, the

23  "Parties"). The Parties agree that the action against Defendant FRCCI should be fully and

24  completely resolved by entry of the Consent Decree.  This Decree shall be binding and

25  enforceable against Defendant and its parents, subsidiaries, affiliates, officers, directors,

26  agents, successors, and assigns, with the exception of the remaining defendant in this

27  Action (Bay Club). The scope of this decree is company-wide.

28

1        Pursuant to the Answer filed by Defendant Fairbanks Ranch Country Club, Inc.

2 ("FRCCI") (ECF 25 at paragraphs 5-9), Defendant FRCCI dissolved on July 19, 2016, filed

3 a certificate of dissolution on January 6, 2017, and Defendant Bay Club currently operates

4 the Fairbanks Ranch Country Club as the employer.  During the term of this Decree if

5 FRCCI or any it its shareholders, officers, and/or directors plan to resume FRCCI

6 operations, FRCCI shall notify the EEOC within 10 calendar days of forming such plans.

7 Within 30 days of the EEOC's receipt of the notice, FRCCI and the EEOC shall submit

8 proposed modifications to the Decree for the Court's approval.

9 B.     The Parties have entered into this Decree for the following purposes:

10         1.     To provide appropriate monetary and injunctive relief, in reasonable relation

11                to the potential exposure of FRCCI as an employer and/or joint employer of

12                the employees of Fairbanks Ranch Country Club;

13         2.     To ensure that Defendant's employment practices comply with federal law;

14         3.     To ensure a work environment free from discrimination, harassment, and

15                retaliation;

16         4.     To ensure that Defendant establishes and maintains policies, procedures, and

17                practices to prevent and correct discrimination, harassment, and retaliation;

18         5.     To ensure that Defendant provides an appropriate and effective mechanism

19                for handling complaints of harassment, discrimination, and retaliation;

20         6.     To ensure training for Defendant's employees, managers, supervisors, human

21                resources personnel as well as its officers and owners with respect to the

22                pertinent laws regarding sexual harassment, discrimination, and retaliation;

23                and,

24         7.     To ensure effective record-keeping, reporting, and monitoring procedures.

25 **III.    RELEASE OF CLAIMS**

26 A.     This Decree fully and completely resolves all issues, claims, and allegations raised

27         by the EEOC against the Defendant that is party to this Decree.

28

B.   Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree.

C.   Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

D.   This Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures. This Decree shall in no way hinder or affect an individual's right to file a charge with the EEOC or applicable state agency, participate in a federal or state investigation, or the EEOC's investigation and determinations into such charges.

**IV.   JURISDICTION**

A.   This Court has jurisdiction over the Parties and the subject matter of this action. The action asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.   The terms and provisions of this Decree are fair, reasonable, and just.

C.   This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

D.   The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

**V.   EFFECTIVE DATE AND DURATION OF DECREE**

A.   The provisions and agreements contained herein are effective immediately upon the date this Decree is entered by the Court ("the Effective Date").

B.   Except as otherwise provided herein, this Decree shall remain in effect for three (3) years from the Effective Date.

**VI.   MODIFICATION AND SEVERABILITY**

A.   This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this

1   Decree will be effective unless made in writing and signed by an authorized representative
2   of each of the Parties.

3   B.    If one or more of the provisions of the Decree are rendered unlawful or
4   unenforceable, the Parties shall make good faith efforts to agree upon appropriate
5   amendments to this Decree in order to effectuate the purposes of the Decree. In any event,
6   the remaining provisions will remain in full force and effect unless the purposes of the
7   Decree cannot, despite the Parties' best efforts, be achieved.

8   **VII.   COMPLIANCE AND RESOLUTION**

9   A.    The Parties agree that if the EEOC has reason to believe that Defendant has failed
10  to comply with any provision of this Decree, the EEOC may bring an action before this
11  Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant
12  and its legal counsel of record, in writing, of the nature of the dispute. This notice shall
13  specify the provisions that the EEOC believes the Defendant has breached. The Defendant
14  shall have ten (10) days to attempt to resolve or cure the breach. However, the Parties may
15  agree to extend this period upon mutual consent.

16  B.    After thirty (30) days, inclusive of the ten (10) days to resolve or cure the breach
17  referenced in Section VII.A, have passed with no resolution or agreement to extend time
18  further, the EEOC may petition this Court for resolution of the dispute. The EEOC may
19  seek all available relief, including an extension of the term of the Decree, an award of costs
20  and any attorneys' fees incurred by the EEOC in securing compliance with the Decree,
21  and/or any other relief that the Court may deem appropriate.

22  C.    In the event of exigent circumstances or Defendant's failure to pay, the EEOC may
23  petition the Court for resolution of the dispute without adhering to provisions described in
24  Section VII.B.

25  **VIII.  MONETARY RELIEF**

26  A.    In settlement of this lawsuit, Defendant agrees to pay a total gross sum of $125,000.
27  Designation and allocation of the monetary relief to the Claimants shall be at the sole
28  discretion of the EEOC.

B.     The amount of the settlement payment is reasonable for the allegedly unlawful employment practices described in the Complaint. Defendant alleges that it surrendered substantially all control of the operations of Fairbanks Ranch Country Club to Defendant Bay Club Fairbanks Ranch, LLC on or about April 30, 2015, prior to the unlawful acts alleged in the Complaint and Paragraph IV(A) above. Defendant further alleges that any remaining employer obligations that may have existed after April 30, 2015, were fully and finally asummed by Defendant Bay Club Fairbanks Ranch, LLC effective July 1, 2016.

C.     The EEOC shall provide Defendant a list of the Claimants, which includes each Claimant's name, current address, amount to be paid to each, the characterization of such amounts to be paid ("Distribution List"). Within ten (10) days of the EEOC providing the Distribution List to Defendant, Defendant shall send via mail a check or otherwise for the full amount in the amounts specified to each Claimant.

D.     Defendant (or its insurer) shall prepare and distribute an IRS form 1099 or equivalent tax reporting forms to the Claimants identified by the EEOC for all monies, if any, paid to them as compensatory damages. All compensation paid by this Defendant shall be designated as non-wage compensation, and no tax withholdings shall be made. Defendant (or its insurer) shall make all appropriate reports to the Internal Revenue Service and other tax authorities.

E.     Within ten (10) business days of the issuance of each settlement check, Defendant shall submit a copy of the check and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

F.     Within thirty (30) days after issuance of each check, Defendant shall provide the EEOC with written confirmation as to whether or not the check has been negotiated. The EEOC may instruct Defendant to cancel payment of any checks uncashed after 45 days and remit the remaining balance according to a revised distribution list by the EEOC.

## IX.   GENERAL INJUNCTIVE RELIEF

A.   <u>Anti-Discrimination</u>

Defendant's agents, successors and assigns  , and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) engaging in harassment of any person(s) on the basis of his/her sex; (b) engaging or being party to any action, policy, or practice that discriminates and/or creates a hostile work environment on the basis of any employee's sex; and/or (c) creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of sex.

B.   <u>Anti-Retaliation</u>

Defendant's agents, successors and assigns and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing, or permitting any action, policy, or practice that retaliates against any current or former employee or applicant of Defendant or their successors because he/she has in the past, or during the term of this Decree:

1. opposed any practice made unlawful under Title VII;
2. filed a charge of discrimination alleging such practice;
3. testified or participated in any manner in any internal or external investigation or proceeding in connection with this action or relating to any claim of a Title VII violation;
4. was or is identified as a possible witness or claimant in this action;
5. asserted any rights under this Decree;
6. sought and/or received any relief in accordance with this Decree; or,
7. is or was associated with an employee who has engaged in activities set forth in Section IX.B.

## X.   SPECIFIC INJUNCTIVE RELIEF

A.   Defendant shall: (1) refrain from providing negative references about Claimants, and only provide a neutral employment reference, which is limited to verifying whether the identified Claimant was employed by Defendant, the last position in which the Claimant

was employed, and the duration of the employment with Defendant; and (2) ensure that the Claimants are not prohibited from re-employment with Defendant because they filed a Charge of Discrimination or participated in this action and the underlying investigation should Defendant resume operations.

B.    Equal Employment Opportunity Monitor

Should Defendant resume operations during the term of the Decree, within thirty (30) days thereafter Defendant shall retain an external Equal Employment Opportunity Monitor ("Monitor") with demonstrated experience in equal employment opportunity law, including sexual harassment, discrimination, and retaliation, to monitor Defendant's compliance with Title VII and the provisions of this Decree. The Monitor shall be subject to the Commission's approval, which shall not be unreasonably withheld. If the Monitor initially appointed by Defendant thereafter declines or is unable to serve or to carry out assigned duties under the Decree, Defendant shall have ten (10) business days to notify the EEOC in writing of the need for a replacement Monitor and provide the EEOC with the name of the replacement. Any replacement Monitor shall be subject to the Commission's approval, which shall not be unreasonably withheld. Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of the Monitor's duties. The Monitor's responsibilities shall include:

1.    Reviewing and/or revising Defendant's policies, procedures, and practices relating to harassment, discrimination, and retaliation to ensure that they fully comply with Title VII and the requirements set forth in this Decree;

2.    Ensuring Defendant's compliance with the terms of the Decree;

3.    Ensuring that all employees are trained on their rights and responsibilities under Title VII and this Decree, including but not limited to Defendant's responsibility to provide a workplace free of unlawful sexual harassment, discrimination, and retaliation;

4.    Ensuring that all employees are trained on Defendant's revised policies and procedures related to unlawful harassment, discrimination, and retaliation;

5. Ensuring that Defendant creates and maintains, throughout the duration of this Decree a centralized reporting procedure to allow all employees to report unlawful harassment, discrimination, and retaliation;

6. Ensuring that all employees are trained on how to report or complain about unlawful harassment, discrimination, and retaliation;

7. Ensuring that Defendant has procedures in place to promptly and effectively handle complaints of unlawful harassment, discrimination, and retaliation;

8. Monitoring and reviewing Defendant's investigation of all complaints of alleged harassment, discrimination, and retaliation to:

   a. Ensure compliance with Title VII and the Decree;

   b. Ensure that investigations are conducted in an effective manner;

   c. Ensure that Defendant properly communicates with any complainants regarding the complaint procedure, status of the investigations, results of the investigations, and any remedial action taken;

   d. Ensure that Defendant adequately monitors the workplace after complaints to ensure no retaliatory actions are taken against the complainant; and,

   e. Identify areas for improvement in Defendant's response to complaints, prevention and correction of unlawful harassment, discrimination, and retaliation;

9. Ensuring that Defendant creates a procedure for tracking harassment, discrimination, and retaliation complaints, as required by this Decree;

10. Ensuring that Defendant establishes a toll-free complaint hotline or web-based system to receive Defendant's employees' complaints of sexual harassment, discrimination, and retaliation;

11. Reviewing complaints of sexual harassment, discrimination, and retaliation made to Defendant's toll-free complaint hotline to ensure that Defendant will prevent and correct sexual harassment, discrimination, and retaliation;

12.  Conducting a review of prior complaints of sexual harassment and/or retaliation made in the previous 300 days to provide guidance to Defendant on the handling of these prior complaints and determine whether there are any potential improvements in Defendant's response to these complaints;

13.  Preparing an initial and semi-annual reports to the EEOC on Defendant's progress and their compliance under this Decree;

14.  Ensuring the posting and/or distribution of the revised Policy as required by this Decree;

15.  Monitoring and ensuring the retention and maintenance of any documents or records required by this Decree;

16.  Ensuring that Defendant's performance and discipline policies hold employees, managers, supervisors, Human Resources personnel, and owners/officers accountable for failing to take appropriate action regarding complaints of alleged harassment, discrimination, or retaliation, or for engaging in conduct prohibited under Title VII of this Decree; and,

17.  Conducting audits as described below.

C.  EEO Compliance Audits

1.  Within one hundred twenty days (120) of the Effective Date or the date when Defendant resumes operations (whichever is later) during the term of the Decree, the Monitor shall conduct an initial compliance audit of Defendant's operations. The initial compliance audit shall occur after the final policies and complaint procedures are distributed to all employees and after the initial training to ensure that the policies and procedures have been received by the employees and to ensure compliance with the anti-harassment and anti-retaliation policies and procedures. The initial compliance audit will consist of a written questionnaire provided to every employee of Defendant. The initial compliance audit shall instruct the employees to return their responses directly to the Monitor in a pre-addressed, stamped envelope to be provided

with the audit. At minimum, the initial compliance audit shall seek the following information to ensure compliance with Title VII and this Decree:

a.   Name;

b.   Mailing address;

c.   Telephone number;

d.   Email address;

e.   Identification of the location at which the employee works;

f.   Gender;

g.   Whether the employee was provided a copy of Defendant's revised policies;

h.   Whether, while they have worked for Defendant, the employee has complained, expressed concern, or provided feedback about discrimination, sexual harassment, or retaliation, and if so, the date(s), location(s), content of their complaint, and name(s) of the managerial employee, non-managerial employee, or human resources professional with whom they communicated;

i.   Whether the employee has experienced, witnessed, and/or become aware of sexual harassment, discrimination, and/or retaliation during their employment with Defendant.

j.   Whether the employee reported the alleged sexual harassment, discrimination, and/or retaliation, and if so, the person(s) to whom they made the report and the date(s) of the report(s).

k.   If they did not complaint about suspected discrimination, sexual harassment or retaliation, an explanation why they did not do so;

l.   A description of any action(s) taken by Defendant in response to their report(s), including any action(s) to correct the suspected inappropriate conduct and/or any retaliatory actions taken against them; and,

m.    Whether they have received any training on sexual harassment, discrimination, and retaliation under Title VII and if so, a description and dates of the training.

2.    Beginning within one year after the initial compliance audit, the Monitor shall conduct annual unannounced visits at Defendant's locations to evaluate whether Defendant, its managerial employees, and its human resources personnel have fulfilled their responsibilities under Title VII, this Decree, and Defendant's policies and have encouraged employees to report problems of harassment, discrimination or related retaliation.

3.    Defendant shall grant the Monitor access to all information needed to perform the audits, including documentation of complaints and access to employees to conduct interviews as set forth in Section X.C.4(c) below. The Monitor shall report to the EEOC on the progress of the audits and the Monitor's conclusions about the extent of Defendant's compliance with revised policies, Title VII, and the terms of this decree as set forth below in Section [Reporting Section].

4.    Scope of Compliance Audits

a.    In the initial compliance audit, the Monitor shall review documentation of all complaints of sexual harassment, discrimination, and retaliation for the period beginning three hundred (300) days prior to the Effective Date. The Monitor shall also review responses to the written questionnaire distributed in connection with the initial compliance audit and prepare a report that includes the following information:

i.    The name(s) and job title(s) of any complainant(s);

ii.   The name(s) and job title(s) of any person(s) alleged to have engaged in unlawful discrimination, harassment, or retaliation;

iii.  A summary of the allegations;

iv.  The date(s) and location(s) of the alleged unlawful discrimination, harassment, or retaliation;

v.  The contact information for each witness to the allegations;

vi.  A summary of any investigation of the allegations, including the name, job title, and location of any person(s) conducting the investigation; and,

vii.  A summary of how the complaint was resolved;

b.  In the annual unannounced compliance audits, the Monitor shall review Defendant's documentation of all complaints of discrimination, harassment, and retaliation over the period since the preceding compliance audit and document all of the information included in Section X.C.4(a) above;

c.  In the annual unannounced compliance audits, the Monitor shall also speak with employees and evaluate compliance with anti-harassment and retaliation policies and procedures – these conversations will be conducted in private, outside the presence of managerial employees, human resources professionals, and non-managerial employees.

d.  The Monitor shall document the locations visited, the dates of those visits, what the Monitor observed, which employees the Monitor interviewed, a summary of the interview(s), and what action(s) were taken because of the visits;

e.  To the extent any EEO audit identifies discrimination, harassment, or retaliation which occurred since three hundred (300) days prior to the Effective Date, the Monitor shall investigate the allegations, prepare written findings detailing the investigation, and recommend an appropriate response to Defendant;

f.  To the extent any EEO audit identifies any particular area or location where there are multiple allegations of sexual harassment and/or

1  retaliation, the Monitor shall recommend appropriate remedial
2  measures to Defendant.

3      4.    The results of the audits shall be evaluated by the Monitor and a summary of
4  the results shall be submitted to the EEOC as part of the report as set forth
5  below.

6  **D.**    <u>Policies and Procedures</u>

7  Within sixty (60) days of Resuming Operations, Defendant shall review, revise, and
8  implement their company-wide policies and procedures regarding employment
9  discrimination prohibited by Title VII (the "Policy"). Within ninety (90) days of the
10  Resuming Operations, Defendant shall distribute their Policy to all employees. The revised
11  Policy shall include:

12      1.    A clear explanation of prohibited conduct in violation of Title VII, including
13  examples of prohibited conduct, unlawful discrimination, harassment, and/or
14  a hostile work environment on the basis of sex and examples of prohibited
15  retaliation;

16      2.    A complete copy of the internal complaint procedures described below in
17  Section X.E;

18      3.    A statement of Defendant's commitment to compliance with all equal
19  employment opportunity laws;

20      4.    Assurance that Defendant shall hold all employees, including managerial
21  employees, accountable for engaging in conduct prohibited under Title VII of
22  this Decree;

23      5.    Reinforcement of the responsibility of managerial employees to take prompt
24  corrective action against discrimination, harassment, and retaliation;

25      6.    Identification of the extent to which Defendant will hold managerial
26  employees accountable for failing to take appropriate action to address
27  unlawful discrimination, harassment, or retaliation; and,

28

7.    A statement that Defendant has a zero-tolerance policy with respect to discrimination, harassment, and retaliation.

E.    <u>Complaint Procedure</u>

1.    The internal complaint procedure included in the Policy shall clearly state that:

    a.    an employee who believes that he or she has been subjected to discrimination, harassment, or retaliation may file an internal complaint using Defendant's internal complaint procedure, including but not limited to the hotline or web-based complaint system, and/or may file an external complaint to any appropriate person or agency, or both;

    b.    an employee may initiate an internal complaint verbally or in writing to any appropriate person, and no special form is required;

    c.    Defendant shall not tolerate retaliation against any employee for any use of any internal or external complaint procedures or for any participation in an investigation into any complaint;

    d.    the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law; and,

    e.    if an allegation of discrimination or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

2.    The internal complaint procedure shall lay out Defendant's responsibilities, including that Defendant will:

    a.    maintain the confidentiality of the complaint, complainant, and investigation to the fullest extent possible;

    b.    take every reasonable step to promptly resolve complaints;

    c.    promptly commence a thorough investigation that shall be conducted by a person trained to conduct such investigations;

d.   interview all witnesses identified by the complainant and other witnesses identified though the investigation and review all relevant documents;

e.   provide an opportunity for the complainant to comment on tentative findings, except in those circumstances in which it is necessary to take immediate action;

f.   communicate with the complainant in writing regarding the status of the complaint, investigation, results of the investigation and any remedial action taken, consistent with the privacy interests of other employees; and

g.   track investigations and maintain written records of all investigatory steps, any findings or conclusions of the investigation and any remedial actions taken.

3.   The internal complaint procedure shall NOT require that the complainant:

a.   confront his or her harasser;

b.   file an internal complaint instead of an external complaint; or,

c.   initiate the complaint process only by submitting a written complaint.

4.   For each complainant, Defendant shall confidentially follow-up every three months, six months, and twelve months after final resolution of the complainant's complaint to inquire whether the complainant believes that he or she has been further harassed and/or retaliated against, and, if necessary, Defendant shall investigate any allegations of retaliation.

5.   Defendant's management shall have an open-door policy and shall be easily accessible to the employees. Defendant shall maintain a complaint hotline to received complaints 24 hours per day.

6.   The Monitor shall track all complaints filed under the revised internal complaint procedures and retain records regarding investigation and resolution of all such complaints, including but not limited to those complaints

1   made through the hotline.   The Monitor shall also ensure that Defendant
2   publicizes the revised internal complaint procedures, and shall monitor
3   Defendant's investigation and resolution of any complaints.

4   7.   For the term of the Decree, Defendant's complaint procedures shall include
5   that requirement of retaining all records, documents, and information
6   specified in *infra* Section X.K (Recordkeeping) and X.L (Reporting) for each
7   complaint and investigation.

8   8.   Defendant's complaint and investigation procedure shall contain a
9   requirement of tracking employees subject to one or more complaints and/or
10   identified through an investigation as a potential repeat perpetrator of
11   discrimination, harassment, or retaliation.

12   G.   Establishment and Dissemination of Toll Free Hotline

13   1.   Within (sixty) 60 days of Resuming Operations, Defendant shall establish a
14   toll-free hotline that is available for calls from Defendant's employees twenty-
15   four (24) hours a day, seven (7) days a week. Defendant may use a third-party
16   vendor for the Hotline.

17   2.   Defendant shall bear all costs associated with establishing and monitoring the
18   hotline and/or the costs of using a third-party vendor for the hotline.

19   3.   Defendant shall track all calls made to the hotline during the terms of the
20   Decree. The Monitor shall have access to all tracking records and/or call logs
21   and direct access to the calls received on the hotline as deemed necessary by
22   the Monitor.

23   4.   Defendant  shall disseminate information about the hotline to all of its
24   employees during the term of the Decree, with such dissemination to come in
25   three forms: (a) posting it in the employee break room or other area of each
26   of Defendant's locations used for posting notices that is frequented by
27   employees; (b) including it in the Policy described in Sections X.D and X.E;
28   and (c) through Defendant's training.

H.   Dissemination of EEOC's Toll-Free Telephone Number

Beginning sixty (60) days after Resuming Operations, Defendant shall disseminate information about the EEOC's general toll-free number of (800) 669-4000 to all employees, with such dissemination to come in three forms: (1) posting it in the employee break room or other area of each of Defendant's locations used for posting notices that is frequented by employees; (2) including it in the Policy described in Sections X.D and X.E; and, (3) through Defendant's training.

I.   Posting of Notice of Consent Decree and Settlement

Within sixty (60) days of Resuming Operations and for the duration of the Decree, Defendant shall ensure that it has posted the Notice of Consent Decree and Settlement (attached to this Decree as Attachment A) in a conspicuous place at all of Defendant's locations.  The notice shall remain posted for the duration of the Decree.

J.   Equal Employment Opportunity Training

1.   Non-Managerial Employees

Within ninety (90) days of Resuming Operations and annually thereafter during the term of the Decree, Defendant shall provide training lasting at least two (2) hours in duration to all its non-management employees. The training shall be provided by the Monitor. The training shall be conducted in a language the employees understand and shall cover Defendant's Policy, Defendant's complaint process, including how sexual harassment, discrimination, and/or retaliation complaints should be filed and processed, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations. and the federal laws regarding employment discrimination with a particular emphasis on what constitutes sexual harassment/discrimination and protected activities for the purpose of retaliation under Title VII. The training shall be in person and have interactive components. All persons required to attend such training shall verify their attendance in writing.

Within ninety (90) days of the hire date of any non-managerial employee hired after the annual training but within the term of the Decree, Defendant shall provide a live and interactive training of at least one (1) hour duration. The training shall be in a language the employee understands and shall cover all topics described above with respect to the annual training.   All persons required to attend such training shall verify their attendance in writing.

2.   Managerial, Supervisor, and Human Resources Personnel

Within ninety (90) days of Resuming Operations and annually thereafter during the term of the Decree, Defendant shall provide training to its managers, supervisors, and human resources personnel. The training shall be at least two (2) hours in duration and be in a language the employees attending the training understand. The training shall be live and interactive and shall be provided by the Monitor.

The training shall cover Defendant's Policy, Defendant's complaint process, including how sexual harassment, discrimination, and/or retaliation complaints should be filed and processed, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII violations; and the federal laws regarding employment discrimination with a particular emphasis on what constitutes sexual harassment/discrimination and protected activities for the purpose of retaliation under Title VII.

In addition, the training shall cover their obligations and responsibilities under Defendant's Policy and Defendant's complaint process and procedures as well as the procedures and steps they shall take in responding to incidents of sexual harassment, discrimination, and/or retaliation of which they become aware.

If any managerial employee, supervisor, or member of human resources personnel is unable to attend the scheduled training, Defendant shall provide a live and interactive training lasting at least two (2) hours at an alternative

session within sixty (60) days of the initial training. The training shall be in a language the employee understands and shall cover all topics covered at the annual managerial employee training.

Within sixty (60) days of the hire date of any managerial employee hired after the annual training but within the term of the Decree, Defendant shall provide a live and interactive training of at least two (2) hours in duration. The training shall be in a language the employee understands and shall cover all topics covered at the annual managerial employee training.

All persons required to attend training shall verify their attendance in writing.

3.   Verification of Training

The EEOC shall have the right to attend the training described in the Decree and to review training materials.

Thirty (30) days prior to the occurrence of any training mentioned above, Defendant shall submit all training materials for the EEOC's review of the training materials and Defendant shall work with the EEOC to effectuate any modifications proposed by the EEOC to the training materials.

K.   Record Keeping

Within thirty (30) days of Resuming Operations, Defendant shall establish a record-keeping procedure that provides for the centralized tracking of harassment, discrimination, and retaliation complaints as well as the monitoring of such complaints, including the identities and the job titles of the parties involved.  The records to be maintained shall include:

1.   all documents generated pertaining to Defendant's Decree compliance;

2.   all documents generated in connection with any complaint, any investigation into the complaint, and/or any resolution of any complaint of harassment, discrimination, and/or retaliation for the duration of the Decree and the identities and job titles of the parties involved -- the complaint description shall include:

       a.     The names and job titles of the individuals alleging harassment, discrimination, and/or retaliation;

       b.     The nature of the complaint;

       c.     The names and job titles of the alleged perpetrators of harassment, discrimination, or retaliation, and whether the alleged perpetrator has been the subject of any previous complaints of harassment, discrimination, or retaliation;

       d.     If the alleged perpetrators have been the subject of any prior complaints, the outcome of any prior investigations or status of any ongoing investigation;

       e.     The dates of the alleged harassment, discrimination, or retaliation, and the date the complaint was made;

       f.     A summary of the investigation;

       g.     A summary of how the complaint was resolved; and,

       h.     The name and title of the individual(s) who investigated the complaint;

3.     all documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

4.     all documents generated in connection with the monitoring, counseling, or disciplining of employees who were determined to have engaged in behavior that may amount to sexual harassment, discrimination, and/or retaliation;

5.     all documents generated in connection with confidential follow-up inquiries into whether any complainant believes he or she has been sexually harassed, discriminated, and/or retaliated against;

6.     all signed and dated forms acknowledging employees' receipt of Defendant's revised Policy;

7.     all documents pertaining to any complaints of harassment, discrimination, and/or retaliation to enable the Monitor to identify any repeat offenders and

1   members of management who repeatedly fail to prevent and correct
2   harassment, discrimination, and/or retaliation; and

3   8.   All documents generated in connection with the EEO Compliance
4   Audits performed pursuant to Section X.C of this Decree.Defendant shall make such
5   records available for the EEOC's inspection within ten(10) days of the EEOC's written
6   request.

7   L.   Reporting

8   Within one hundred fifty (150) days after Resuming Operations and semi-annually
9   thereafter throughout the term of the Decrees, Defendant shall submit to the EEOC an
10  initial report containing:

11  1.   A copy of Defendant's revised Policy, including the final complaint
12       procedures;

13  2.   A summary of the procedures and record-keeping methods developed with
14       the Monitor for centralized tracking of discrimination, harassment, and
15       retaliation complaints and monitoring of such complaints;

16  3.   A description of all prior sexual harassment, discrimination, and retaliation
17       complaints (for the initial report, this shall include all complaints made from
18       the Date Operations were resumed to the date of the initial report' for the
19       subsequent reports, this shall include all complaints made after the
20       submission of the immediately preceding report), the complaint description
21       shall include:

22       a.   The names and job titles of the individuals alleging harassment,
23            discrimination, and/or retaliation;

24       b.   The nature of the complaint;

25       c.   The names and job titles of the alleged perpetrators of harassment,
26            discrimination, or retaliation, and whether the alleged perpetrator has
27            been the subject of any previous complaints of harassment,
28            discrimination, or retaliation;

d.  If the alleged perpetrators have been the subject of any prior complaints, the outcome of any prior investigations or status of any ongoing investigation;

e.  The dates of the alleged harassment, discrimination, or retaliation, and the date the complaint was made;

f.  A summary of the investigation;

g.  A summary of how the complaint was resolved; and,

h.  The name and title of the individual(s) who investigated the complaint.

4.  The attendance lists of all attendees for all training sessions required under this Decree that have occurred since the Effective date or the immediately preceding report;

5.  Acknowledgement of receipt of the Policy for all employees hired since the Effective date or the immediately preceding report;

6.  Verification that the Notice of Consent Decree and Policy continue to be posted in a conspicuous place accessible to all employees;

7.  The status of Defendant's compliance with the terms of the Decree;

8.  Whether any portion of Defendant's policies and procedures regarding discrimination, harassment, and retaliation have been revised since the previous report, including a copy of the revised policies or procedures;

9.  A summary of the results of the EEO Compliance Audits performed pursuant to Section X.C of this Decree that specifically outlines the locations visited, what was observed, who was interviewed, and what action was taken; and,

10. A summary of the Monitor's recommendations to improve Defendant's response to complaints and changes to Defendant's mechanisms to prevent and correct such complaints of discrimination, harassment, and/or retaliation.

## XI.    MISCELLANEOUS PROVISIONS

A.      If Defendant Resumes Operations during the term of this Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time at least 30 days prior to the execution of any agreement for acquisition or assumption of control, or any other material change in corporate structure.  Defendant shall simultaneously inform the EEOC of any such agreement for acquisition, assumption of control, or other material change in corporate structure and inform of the EEOC when it has transferred operational control to any successor in interest.

B.      During the term of this Decree, Defendant shall assure that each of its owners, officers, managers, supervisors, and human resources personnel are aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; facsimile number (213) 894-1301.

D.      This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

## XII.   COSTS AND ATTORNEYS' FEES

Defendant shall bear all costs associated with the administration and implementation of their obligations under this Decree, including, but not limited to, the distribution of the settlement money as well as any costs associated with the Monitor.

Each party shall bear its own costs of suit and attorneys' fees.

*[signatures follow on next page]*

1        Both Parties, through the undersigned, respectfully apply for and consent to the

2   entry of this Decree and Order.

3                                Respectfully submitted,

4

5                                U.S. EQUAL EMPLOYMENT
                                 OPPORTUNITY COMMISSION
6

7

8   Dated:   11 / 18 | 19

9                                By:
                                 Anna Y. Park, Regional Attorney

10                               anna.park@eeoc.gov
                                 Attorney for Plaintiff EEOC
11

12                               THE HANOVER LAW FIRM

13

14

15  DATE:   11/19/19

16                               By:
                                 Jim D. Newman

17                               jnewman@hanover.com

18                               Attorneys for Defendant Fairbanks Ranch
                                 Country Club, Inc.
19

20                               FAIRBANKS RANCH COUNTRY CLUB,
                                 INC.
21

22  DATE:   11/15/19

23                             By:
                                 Stephen Foster President of the Board of

24                               Directors of the Dissolved California
                                 Domestic Non-Profit Corporation
25

26

27

28

                                         25

1

# <u>ORDER</u>

2

3 **GOOD CAUSE APPEARING:**

4      The Court hereby finds that the settlement described herein is reasonable and has

5 been entered into by the Parties in good faith.  The Court further finds that compliance

6 with all provisions of the foregoing Consent Decree is fair, adequate and reasonable. The

7 Court hereby retains jurisdiction for the term of the foregoing Consent Decree, and the

8 provisions thereof are hereby approved.

9

10      **IT IS SO ORDERED.**

11

12

13

14 DATE: _11/27/19_

15                                          _____

16                                          HON. THOMAS J. WHELAN
                                            UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28