**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>BAY CLUB FAIRBANKS RANCH, LLC, et. al.,<br><br>                              Defendants. | Case No.:  18-CV-1853 W (AGS)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT [DOC. 91]** |

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") seeks leave to file a First Amended Complaint ("FAC").  Defendant Bay Club Fairbanks Ranch, LLC ("BCFR" or "Defendant") opposes.  The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons discussed below, the Court **GRANTS** the motion [Doc. 91].

//

//

//

1

## I. BACKGROUND

On August 8, 2018, Plaintiff EEOC filed this lawsuit to "correct unlawful employment practices based on sex and to provide relief to Charging Party Sidney Scott . . . and a class of individuals . . . who were adversely affected by such practices." (*Comp.* [Doc. 1] 1:26–28.) As there are several similarly named locations and companies relevant to this motion, it is helpful to clarify the identity of each.

Fairbanks Ranch Country Club is the facility where Plaintiff alleges unlawful employment practices occurred. (*Comp.* ¶ 2.) Fairbanks Ranch Country Club, Inc. ("FRCC") is an originally named defendant and dissolved entity which operated Fairbanks Ranch Country Club until July 2016. (*Id.* ¶¶ 4, 9.) FRCC and the EEOC resolved this case with each other on December 2, 2019. (*See Consent Decree* [Doc. 64].) Defendant Bay Club Fairbanks Ranch, LLC ("BCFR" or "Defendant") and The Bay Club Company, LLC ("TBCC") are claimed to have acquired Fairbanks Ranch Country Club from FRCC in July 2016, and "have collectively operated as a direct single employer and/or as joint employers" since at least July 2016. (*Proposed FAC* ¶ 9.[1]) BCFR is named as a defendant in the Complaint; TBCC is not. (*See Comp.*)

On November 6, 2018, BCFR filed a motion to dismiss ("MTD") arguing, among other things, that the Complaint failed to allege facts that BCFR was "in any way responsible for the alleged harassment," and that the court lacks subject matter jurisdiction over any individual other than the original Charging Party Sidney Scott. (*See MTD* [Doc. 7-1] 6:16–21, 10:21–25.) This Court denied the MTD, finding Defendant's arguments lacked merit. (*See Order Deny. MTD* [Doc. 15].) The EEOC now seeks leave to amend the Complaint to (1) add The Bay Clubs Company, LLC as a named defendant, (2) "[c]onform to proof and provide additional facts to the current claims . . .", and (3) remove former defendant Fairbanks Ranch Country Club, Inc. from the Complaint.

---

[1] The Proposed FAC is attached to Plaintiff's Appendix of Exhibits [Doc. 91-4] as Exhibit 1-A [Doc. 91-5].

1  (*Notice of Motion* [Doc. 91] 1:11–25.)  Defendant BCFR opposes on the grounds of
2  futility and prejudice.  (*Opp'n* [Doc. 93] 8:22–23, 10:11–12.)

## II.  STANDARD

Federal Rule of Civil Procedure 16(b) governs a party's attempts to amend its pleading once the district court's deadline for amending pleadings has passed.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).  The moving party may amend their pleading if they can establish "good cause" to do so.  Id.  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Id. at 609.  Diligence is generally determined by examining the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading.  See, e.g., Zivkovic v. S. Cal. Edison Corp., 302 F.3d 1080, 1087–88 (9th Cir. 2002); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294–95 (9th Cir. 2000).  Courts may also consider the prejudice to the party opposing the modification.  See Johnson, 975 F.2d at 609.

Once rule 16(b) is satisfied, leave to amend should be "freely given as justice so requires" under Federal Rule of Civil Procedure 15(a).  Fed. R. Civ. P. 15(a).  Granting leave to amend rests in the sound discretion of the district court.  Pisciotta v. Teledyne Industries, Inc., 91 F.3d 1326, 1331 (9th Cir. 1996).  "Although the rule should be interpreted with extreme liberality, leave to amend is not to be granted automatically."  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted).  Five factors are taken into account to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

//
//
//

### III. DISCUSSION

#### A. The EEOC Has Good Cause to Amend

The Scheduling Order set June 21, 2019, as the cutoff date for amending the pleadings. (*Scheduling Order* [Doc. 31] ¶ 5). Because Plaintiff seeks to amend the Complaint eight months past the cutoff date, it must show good cause. See Fed. Rule Civ. Proc. 16(b); Johnson, 975 F.2d at 607–08. Plaintiff argues good cause exists because it has been diligent in response to new information found during the course of discovery. (*P&A* [Doc. 91-1] 6:13–14, 7:2–7.) In support of this, Plaintiff lists a variety of sources including depositions of Defendant's former employees in August and November of 2019, Defendant's admissions in December 2019, statements by the Chief Executive Officer and president of TBCC in January 2020, and emails produced by Defendant on January 31, 2020. (*Id*. 16:12–22:19.) Plaintiff also filed two motions to compel documents from Defendant, one of which led the Magistrate Judge to award sanctions against Defendant for failing to produce documents in a timely manner. (*Id.* 15:14–16:5.) While obtaining new information, Plaintiff repeatedly attempted to meet and confer with Defendant about amending the Complaint, sending multiple emails between September 19, 2019, and February 12, 2020. (*Id.* 4:16–5:15.) Defendant does not appear to have definitively responded to the EEOC's requests to amend until February 12, 2020, when Defendant stated it was "not inclined to stipulate for the EEOC to amend its complaint." (*Id.* 13:11–15, citing *Nardecchia Dec.* [Doc. 91-2] ¶ 3, *Ex. 8* [Doc. 91-13].) On the same day Defendant refused to stipulate, Plaintiff filed this motion for leave to amend. (*See Notice of Motion*.)

Defendant has not refuted any of these facts. (*See Opp'n*.) Instead, Defendant responds by arguing that Plaintiff's "delay in bringing the proposed amendments is extreme." (*Id*. 14:28.) Defendant argues that because Charging Party Sydney Scott filed her charge "nearly three and a half years ago," and because the EEOC conducted interviews with "multiple individuals" before filing this action, the EEOC should be bound to the claims originally pled in August 2018. (*Id*. 14:28–15:8.)

1  Defendant's arguments are without merit.  The appropriate test of a party's
2  diligence focuses on when that party obtained new information leading to the motion to
3  amend.  See Zivkovic, 302 F.3d at 1087-88.  Based on Plaintiff remaining active in
4  attempting to obtain new information to support the proposed FAC, as well as
5  consistently attempting to resolve this issue by meeting and conferring with Defendant,
6  Plaintiff has demonstrated diligence and good cause to amend.

### B. Neither BCFR Nor TBCC Will Suffer Prejudice Due to This FAC

Defendant contends it will suffer severe prejudice if the EEOC is granted leave to amend.  (*Opp'n* 14:13–15.)  Generally, this is most important factor in evaluating whether leave to amend should be granted.  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  The opposing party has the burden of showing prejudice.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  Thus, BCFR bears the burden.

In support of its contention, Defendant offers numerous cases where leave to amend was denied because discovery was "closed or is about to close."  (*Opp'n* 14:20–27.)  These cases are inapplicable because discovery is not closed in this case, and will not be closed for over four months.  Defendant incorrectly states that "[f]act discovery is set to close in less than two months on April 14, 2020 . . . ."  (*Id.* 15:11–13.)  As Plaintiff points out in its Reply, when the motion was filed, fact discovery was not set to close for over four months, on July 14, 2020.  (*Reply* [Doc. 94] 9:15–17.)  Since the motion was filed, the parties filed another motion to extend discovery due to the COVID-19 pandemic.  (*See Jt. Mot. to Modify Scheduling Order* [Doc. 95]).  Currently, the fact discovery deadline is December 11, 2020, the pretrial motion deadline is March 22, 2021, and the pretrial conference is set for July 29, 2021.  (*See Third Am. Scheduling Order* [Doc. 96].)  Thus, Defendant's argument lacks merit.

Defendant also argues that it will be prejudiced because the EEOC is "com[ing] in at the very last moment to monumentally expand the scope of the allegations . . . ."

(*Opp'n* 15:22–25.) Plaintiff responds that the amended claims will not unduly expand this case because they involve "the same operative facts, witnesses, alleged harassers, and documentary evidence." (*Reply* 9:22–25.) The Court agrees with Plaintiff. The Court has already found Defendant has been on notice of class claims since the EEOC's initial Letter of Determination, and that the EEOC adequately pled claims for harassment, retaliation, and constructive discharge. (*Order Deny. MTD* 4:7–9, 4:25–5:18.) The EEOC's original Complaint also includes incidents of sexual harassment where club members were involved. (*See Comp.* ¶ 26b.) Adding additional instances of sexual harassment and the identities of other employees who were allegedly discriminated against is not a "monumental expansion" of the scope of this case, but rather is additional evidence of a hostile work environment. This is not a case where a defendant is being asked to defend against a new theory introduced late in the litigation, and the addition of similar instances of harassment to support the initial claims of discrimination will not create undue prejudice.

TBCC will also not be prejudiced as a new party to this lawsuit. Plaintiff contends TBCC has participated in the investigation and conciliation process through its general counsel, and that TBCC has been aware of and had access to this action since the EEOC issued its Letter of Determination. (*P&A* 13:3–27.) Defendant never actually refutes these arguments, but simply accuses the EEOC of attempting to "conduct a fishing expedition into facilities that have never been the subject of a charge or the conciliation process." (*See Opp'n* 14:7–10.) At present, however, other "facilities" are not at issue, the company TBCC is. The available evidence indicates TBCC has been participating or, at the very least, has been aware of this action since the initial charge and that it will not be prejudiced in defending on the merits.

In summary, neither BCFR nor TBCC will be prejudiced nor does it appear that discovery will have to "practically restart" as Defendant claims. (*Opp'n* 15:13–15.) The Court agrees with the EEOC that justice and the public interest are best served by allowing the EEOC to amend the Complaint. See, e.g., Gen. Tel. Co. of the Nw. v. Equal

Employment Opportunity Comm'n, 446 U.S. 318, 331 (1980) (finding that "[a]ny violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable," and "[t]he EEOC exists to advance the public interest in preventing and remedying employment discrimination . . . .").

### C. None of the EEOC's Amendments are Futile

Finally, Defendant argues that the EEOC's motion should be denied because the amendments are time-barred and futile. (*Opp'n* 5:19–20.) Leave to amend should only be denied based on futility if the court "determines that the pleading could not possibly be cured by the allegation of other facts." Ebner v. Fresh, Inc., 838 F.3d 958, 968 (9th Cir. 2016) (overruled on other grounds) (citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). In the present case, most of Defendant's arguments regarding futility have already been addressed by this Court's order denying Defendant's MTD.

Defendant first argues that all allegations made by parties other than Sydney Scott are time-barred and may not be brought because no other individual submitted a charge to the EEOC, thus "the claims of the individuals who failed to file a charge are untimely." (*Opp'n* 10:17–26.) Defendant made a similar argument in its MTD when it argued, "the Court lacks subject matter jurisdiction over any individual other than Sydney Scott because no other party 'filed a charge with the EEOC . . . .'" (*Order Deny. MTD* 5:13–15 (*quoting MTD* 10:21–23).) As in Defendant's MTD, the Court finds this argument unavailing as Defendant has been on notice of class claims since receiving the EEOC's Letter of Determination on March 9, 2018, stating "the Commission has determined that there is reasonable cause to believe that a class of employees have been subjected to sexual harassment because of their sex (female), retaliation, and constructively discharged, in violation of Title VII." (*Id.* 5:17–24 (internal quotations removed).) The EEOC is not required to name every individual member of its claimed class and it may file for relief on their behalf without each individual member submitting a charge to the EEOC. See Arizona ex rel. Horne v. Geo Grp., Inc., 816 F.3d 1189, 1200–01 (9th Cir.

1  2016) (cert. denied) (rejecting the district courts premise that "the EEOC and the Division
2  must identify and conciliate on behalf of each individual aggrieved employee during the
3  investigation process prior to filing a lawsuit seeking recovery on behalf of a class"); see
4  also E.E.O.C. v. Bruno's Rest., 13 F.3d 285, 289 (9th Cir. 1993) (quoting E.E.O.C. v.
5  Rhone-Poulenc, Inc., 876 F.2d 16 (3d Cir. 1989)) ("Moreover, 'in a class action suit,
6  [t]he EEOC is not required to provide documentation of individual attempts to conciliate
7  on behalf of each potential claimant'").  Therefore, amended claims for additional class
8  members are not time-barred and are no more futile than they were in the original
9  Complaint.  To find otherwise would force the EEOC to turn a blind eye to additional
10  evidence of harassment and aggrieved individuals revealed during discovery.  See Geo
11  Grp., Inc., 816 F.3d at 1200.

12  Defendant next argues that the EEOC is engaging in a "post-complaint fishing
13  expedition," and that all allegations not related to conduct by Shant Karian are time-
14  barred.  (*Opp'n* 11:5–6, 12:20–21.)  In support of this argument, Defendant relies heavily
15  on EEOC v. Dillard's Inc., 2011 WL 2784516 (S.D.Cal. 2011).  (*Id.* at 6:3–6, 11:28–
16  12:19.)  But Dillard's specifically identified the key issue as whether or not "the
17  Defendant had sufficient notice of nation-wide class claims," and the court found they did
18  not.  Dillard's Inc., 2011 WL 2784516 at 6, 8.  In contrast, here, this Court has already
19  decided that Defendant had notice of class claims.  (*Order Deny. MTD* 5:15–18.)  The
20  proposed FAC further alleges that both Defendant and TBCC received the EEOC's
21  Notice of Determination, and that both participated in conciliation efforts with the EEOC.
22  (*Proposed FAC* ¶¶ 30–36.)  These allegations are sufficient to overcome Defendant's
23  claims of futility as they are neither time-barred nor do they expand the scope of the
24  EEOC's claims beyond what Defendant had notice of.

25  Defendant's argument that additional claims regarding harassment by club
26  members are "completely distinct from those previously pled" is also unconvincing.
27  (*Opp'n* 6:24–8:14.)  As Plaintiff points out, the EEOC has already included in its original
28  Complaint multiple incidents involving club members in addition to management.  (*Reply*

2:14–21.) Defendant acknowledges that the original claims included "the atmosphere at the Fairbanks Ranch location." (*Opp'n* 12:21–23.) Allegations regarding management, particularly Shant Karian, permitting the harassment of employees by club members and failing to take action to address employees' claims of harassment are clearly related to the EEOC's original claims regarding "the actions of Shant Karian," and "the atmosphere at the Fairbanks Ranch Location." (*See id.*) The Court finds that additional incidents of sexual harassment against members of the same class as the Charging Party, at the same location as originally claimed, and during the same time period as originally claimed, clearly fall within the scope of the EEOC's investigation. See E.E.O.C. v. Occidental Life Ins. Co. of California, 535 F.2d 533 (9th Cir. 1976) (aff'd on other grounds) (reversing dismissal of the EEOC claims where the defendant company received "adequate notice during administrative investigation of the substance of the issues . . .").

 Finally, Defendant argues TBCC is not adequately pled as a single/joint employer, and "should not be dragged into this action." (*Opp'n* 13:6–25.) The Ninth Circuit has set forth four factors for determining if multiple entities should be treated as a single employer. Morgan v. Safeway Stores, Inc., 884 F.2d 1211, 1213 (9th Cir.1989) (citation omitted). Courts examine if the entities share (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control, with centralized control of labor relations being the "most critical" factor. Id.; Kang v. U. Lim Am., Inc., 296 F.3d 810, 815 (9th Cir. 2002).

 Although not specifically defining their relationship, Defendant refers to TBCC and BCFR as "related, but distinct companies." (*Opp'n* 13:25–26.) Defendant dismisses the EEOC's claims arguing that "the EEOC only alleges that the two companies had interconnected HR and administrative functions." (*Id.* 14:2–3.) More accurately, the proposed FAC alleges that TBCC and BCFR share the same corporate headquarters, common managers, and general counsel; that they commonly control all company policies including employment, accounting, payroll, club membership; and that TBCC's "Company Associate Handbook" ("TBCC's Handbook") applied to all employees at

Fairbanks Ranch Country Club. (*Proposed FAC* ¶¶ 9, 13–28.) It further alleges that TBCC's Handbook "listed 'The Bay Club' as the employer for all employees at Fairbanks Ranch Country Club" and instructed employees that they could contact the TBCC Human Resources office at the same corporate address shared by TBCC and BCFR if they wished to file an employment discrimination complaint. (*Id.* ¶ 19.) The proposed FAC alleges further connections and examples of control by TBCC, but, in short, it is reasonable to infer that TBCC employed and/or controlled the Charging Party and other members of the claimed class at the time of the alleged discrimination. Therefore, the EEOC's single or joint employer theory is not futile. See Kang, 296 F.3d at 815–16 (finding two entities an integrated enterprise for Title VII purposes where they: shared a facility, had common management, both had the authority to hire and fire employees, and were owned and controlled by the same person).

Defendant has not shown that any of the EEOC's proposed amendments are futile. The Court finds all other arguments by Defendant to be without merit.

### IV. CONCLUSION & ORDER

For the reasons stated above, Plaintiff's motion for leave to amend is **GRANTED** [Doc. 91]. The FAC must be filed on or before **August 7, 2020**.

**IT IS SO ORDERED.**

Dated: July 28, 2020

Hon. Thomas J. Whelan
United States District Judge